EMMA WITHERSPOON et al., Respondent, v. CHARLES
O. BROKAW et al., Appellant.

### Kansas City Court of Appeals, June 18, 1900.

1. **Wills:** HUSBAND AND WIFE: VOID CONDITION: PUBLIC
POLICY. A bequest in a will, giving certain property to a wife
provided she remains separated from her husband, is void as against
public policy, and the legatee takes the property freed from the con-
dition.

2. ———: ———: SEPARATION: TEMPORARY SUPPORT: PUB-
LIC POLICY. A bequest in a will providing for the support of a
wife pending a present or contemplated separation from her hus-
band is a valid provision not against public policy.

3. ———: CONSTRUCTION: HUSBAND AND WIFE: PARENT
AND CHILD. A condition attached to a certain legacy contained
in a will set out in the opinion is void, since it is intended to pre-
vent a resumption of the marriage relation as well as the relation
of parent and child.

4. ———: ———: VESTING LEGACY. A bequest in a will to a wife
so long as she lives separate from her husband and upon reunion
with him then to the testatrix's son, does not vest the title in the
legatee until the death of the husband.

5. ———: ———: ———: HUSBAND AND WIFE: PARENT AND
CHILD. A paragraph in a will, so far as it can be carried out in a
legal way, vests the use of certain money in the wife during her
husband's life, whether reunited with him or not, and upon the hus-
band's death, the money becomes the wife's absolutely; and upon the
wife's death the title vests absolutely in the daughter, whether re-
turned to the control of the father or not.

Appeal from the Buchanan Circuit Court.—*Hon. W. K.
James*, Judge.

REVERSED AND REMANDED.

*H. K. White* for appellants.

(1) The oral testimony offered by defendants and excluded by the court should have been admitted because in the first part it placed the court in the position of testatrix when making the will so that it might be shown that the condition of the will objected to was not intended to produce a separation of husband and wife at the time living together, but to provide a support for a wife already separated from her husband and unsupported by him, and further to show that the provisions made were not so extravagant as to hold out an inducement to the wife to continue to live apart from her husband, if he offered to re-assume his duties of support. Noe v. Kern, 93 Mo. 367. (2) The condition of the will which is objected to, is not against public policy and the court erred in its holding in this respect. It also erred in holding that the fund became the absolute property of the plaintiff Emma Witherspoon, thus disregarding the rights of her daughter and co-plaintiff, and those of the residuary devisee, Charles O. Brokaw. Greenhood on Public Policy, rules 416 and 418, pp. 483, 484; Fox v. Davis, 113 Mass. 254; Randall v. Randall, 37 Mich. 563, and cases cited, p. 572; Walker v. Walker, 9 Wall. 473; Wells v. Stout, 9 Cal. 479; Farnum v. Bartlett, 52 Me. 570.

*Duncan & Utz* for respondents.

(1) The court was right in excluding the oral evidence introduced by appellants, because there is no dispute in this case as to the terms of the will, as they are plainly and concisely set out therein, and even if there was, quoting the language of judge Sherwood, in case of Small v. Field, in 102 Mo. 121, near bottom of page: "For though it is settled that extraneous evidence is not admissible to vary, explain, contradict or control the terms of a will," etc. See also,

McQueen v. Lilly, 131 Mo. 9; Mersman v. Mersman, 136 Mo. 244. (2) The conditions of the will objected to are clearly against public policy, and when said condition was abrogated the title was absolute in Emma Witherspoon. It is a well-established rule of law that contracts, wills, deeds, etc., in restraint of marriage, or intending to cause a separation of persons already married, or in such a way as to offer an inducement to persons temporarily separated to remain so, or in any other way to be an obstacle in the way of reconciliation, are void and against public policy; so conditions in wills offering inducements to children to become estranged from their parents and remain so. Williams v. Cowden, 13 Mo. 211; Tiedeman on Real Property, sec. 275; Bishpham's Principles of Equity, sec. 225; Greenhood on Public Policy, rule 416, p. 483; 29 Am. and Eng. Ency. of Law, p. 476, footnote 3; O'Brien v. Barkley, 60 N. Y. St. Rep. 520; Schouler on Wills, sec. 22, p. 22. (3) The condition being illegal and void, title should vest, freed of said illegal condition. Williams v. Cowden, 13 Mo. 211; Conrad v. Long, 33 Mich. 78. (4) And it being the intention of the testatrix to give said property to respondent, Emma Witherspoon, as gathered from the whole will, said intention should prevail. Turner v. Timberlake, 53 Mo. 371; Gaines v. Fender, 57 Mo. 342; Smith v. Hutchison, 61 Mo. 83; Redman v. Barger, 118 Mo. 568; Owen v. Eaton, 56 Mo. App. 563.

ELLISON, J.—This proceeding was instituted to set aside the conditions of a will, it being alleged that they were void as against public policy. The finding and decree of the trial court were against defendant and he appeals. It appears that the testator, Mrs. Brokaw, was the aunt of plaintiff Emma and grandaunt of plaintiff Ora, who is Emma's infant daughter. She made a will of which the following is the portion here involved:

"I will and devise to my niece, Emma Witherspoon, the undivided half of all property to which I may now be entitled or may hereafter become entitled by virtue of the will of my father, Jacob Goodlive, or by inheritance from him, together with the net annual proceeds thereof until divided or sold, and the proceeds of the sale thereof when sold under the provisions of the will of said Jacob Goodlive or by virtue of any proceedings in court of competent jurisdiction, or by the consent of all parties interested therein, to have and to hold to her sole use and benefit so long as she may live separate and apart from her husband, Herbert Witherspoon, and no longer, and upon her reunion with him to vest, freed of this devise in my son Charles O. Brokaw. Upon the death of said Herbert Witherspoon, before the termination of the above interest, the said undivided half of said property shall vest in said Emma Witherspoon in fee simple absolute.

"I empower said Emma Witherspoon and my son, Charles O. Brokaw in case of sale or conveyance of the said property, to convey the same in fee simple, but the proceeds of the undivided half of said property shall then be placed in the hands of a trustee to be appointed by a court of competent jurisdiction to hold and to invest under the terms of this will.

"In case of the death of said Emma Witherspoon before the death of her husband, the said undivided half of said property shall be held' for the use and benefit of her daughter, Ora Witherspoon, so long as she shall be kept from the control and custody of her said father, and no longer, and upon his assuming such control and custody said property and the proceeds shall vest in my said son."

By the fourth clause the son, Charles O. Brokaw, was made sole residuary legatee and devisee. The trial court entered a decree freeing the will of the conditions and vesting the absolute property in plaintiff Emma.

Witherspoon v. Brokaw.

It appears that Emma was married to Herbert Witherspoon and that they separated and that she returned to live with her aunt, the testatrix, bringing with her the child, Ora. And that she shortly afterwards obtained a divorce on account of desertion and nonsupport. Nothing has been heard from Herbert Witherspoon, though it does not appear that he is dead.

If we view the will as giving the property to plaintiff Emma absolutely provided she remained separated from her husband as therein contemplated, it was a void condition and the property would be Emma's absolutely, freed from any condition. The condition would be void as against public policy. Tiedeman on Real Prop., sec. 275; Bispham's Prin. Equity, sec. 225; 29 Am. and Eng. Ency. of Law, 476; Schouler on Wills, sec. 22. See, also, Williams v. Cowden, 13 Mo. 211.

If a separation had already taken place, or was in contemplation of being presently carried out, between Emma and her husband, and the will merely provided for her support or gave her property absolutely to sustain her so long as she should thus be deprived of the support of her husband it would be a valid will. The object being not to bring about the misfortune, but to provide for one who is in such an unfortunate condition. Fox v. Davis, 113 Mass. 255; Walker v. Walker, 9 Wall. 743; Greenhood's Public Policy, 483-485;

But where the condition of the will shows by its terms and provisions that it is intended as a premium on the separation, and its object is to prevent a resumption of the marriage relation, it is void. We so regard the present will. It is apparent from the face thereof that the object of the testatrix was to make the separation final and that a reconciliation would be punished by a failure of the legacy.

The same may be appropriately said as to the contingent provision for the daughter. It is evident that the testatrix

was determined that the husband and father should not resume his relations as parent and custodian of the child, and such condition (in the view now presented) is void.

But we do not regard the will as giving the property to Mrs. Witherspoon absolutely upon the condition referred to. The will shows conclusively that the property should not become vested absolutely in her until the death of her husband. It provides (in effect) that if the interest given to Emma should not be terminated by a reconciliation, that then, upon the death of the husband, it should become an absolute interest. The testatrix held the title from her until all posibility of a reconciliation had been closed by his death. It certainly was not to be hers before his death for it was provided that if she died before the husband the interest should go to the child. So, therefore, the decree entered is not justified by the terms of the will and by the facts. The husband, for aught the record shows, is still alive and the time is not arrived for Emma's absolute estate. Indeed, she might yet be reunited with Witherspoon and thus, if she is now to take the property, thwart the great aim and object of the testatrix.

It is proper that we express an additional view of the will and its effect: We fully appreciate the great difficulty which has been constantly experienced by the courts in the interpretation or construction of wills. Taking what we deem to be the most reasonable view of the object of the testatrix, in so far as it can be carried out in a legal way, we conclude that the plaintiff Emma is entitled to the use of the money during the life of the husband and that she shall have that use even though she should be reunited with him, for the provision to the contrary is void. Upon the death of the husband her title will become absolute, even though she should be reunited with him.

Our view of the child's interest is this: It only attaches

upon the death of Emma, the mother. It is then provided that it shall be held for the use and benefit of the child, so long as she shall be kept from her father. This limitation is void, and it being evident that in the event of the death of the mother the property was to go to the child, we hold that excluding the void condition attached, the child would take it absolutely on the death of the mother, even though the father had resumed parental authority.

Doubtless some of the suggestions herein as to resumption of the relation of husband or parent are altogether improbable, yet we make a statement of them in order that our view of the matter may be fully understood.

The result is that the judgment should be reversed and the cause remanded. *Smith, P. J.*, concurs; *Gill, J.*, absent.