IN RE ESTATE OF NIELS THOMAS SMITH.
GERHART J. SMITH ET AL., APPELLEES, V. SCENA M. CHRISTENSEN, APPELLANT: MARY SMITH ET AL., APPELLEES.

FILED JANUARY 28, 1932. NOS. 27987, 27988.

*F. L. Carrico,* for appellant.

*King & Brácken* and *Carl T. Curtis, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

PAINE, J.

These two actions each grew out of handling the estate of Niels Thomas Smith, and each depends somewhat upon the fourth paragraph of his will. Case No. 27987 was an action in partition, brought by two adult sons for the partition of the property owned by their father, Niels Thomas Smith, in which Scena M. Christensen, a daughter, filed an answer, praying that the fourth paragraph of the will of her father be declared void, and that she be declared the owner in fee simple of her share of said property. The district court entered a decree confirming the shares of the various heirs, and found against the defendant, Scena M. Christensen, finding that the fourth paragraph of the will was not void, and that she had no title in fee simple except as provided in said will, and directing partition of the property, and appointing G. L. Godfrey to partition said property, who gave bond, as required by law; and thereupon the case was brought to this court on appeal.

In case No. 27988, Scena M. Christensen filed objections to the distribution of the property under the will of Niels Thomas Smith, which had been duly admitted to probate, and prayed that her share of her father's property be paid to her absolutely, and that no part be held by a trustee, and that the paragraph in the will directing the holding of said property by trustee was illegal. Upon an adverse finding by the county judge, appeal was taken to the district court, and an order entered by the district court affirming the action of the county judge and dismissing the objections of Scena M. Christensen, and supersedeas was fixed in the sum of $200. Carl T. Curtis, guardian *ad litem*, files his brief as an appellee.

Niels Thomas Smith was a thrifty farmer in Kearney county, Nebraska, who accumulated real and personal property of the value of about $50,000, and left eleven adult children and the minor heirs of one deceased child.

At the time of his death on November 2, 1929, he left a will, which was executed by him on November 9, 1928, before M. D. King and B. H. Bracken as witnesses, and the determination of each of these cases rests upon the construction of the fourth paragraph in said will, reading as follows: "Fourth. I give, devise and bequeath to my daughter Scena M. Christensen the same share of my estate that she would receive according to law if I died intestate. Provided that her share shall be held in trust for her and the income only paid to her during the lifetime of her present husband. Upon the death of her husband during her life said share shall then become hers in fee simple and be assigned and paid to her at once. Provided further that if she shall die before her present husband her share shall then go to her children in equal shares. Provided further that said children shall not receive their share until they shall attain the age of 25 years but the same shall be held in trust for them and paid to them upon attaining such age the same as provided in the second paragraph hereof for the children of my daughter Petrea Spors. Provided further should any of these children die before he or she reaches the age of 25 years, then his or her share as the case may be shall belong to and be paid to the survivors in equal shares. This trust shall be executed in the same manner and by the same trustee appointed in accordance with paragraph two hereof."

That part of paragraph 2 of the will affecting trustees reads as follows: "I direct that the court in which this will is probated shall appoint a proper person trustee and require him to give bond in such proper sum as the court may direct and require him to report to the court his acts and doings in the execution of said trust."

It is contended by appellant that a condition in a will which discourages or interferes with the marital relation existing is void as against public policy. To support this contention, we are cited to *Weathersby v. Weathersby*, 13 Smedes & Marsh. (Miss.) 685; *Cruger v. Phelps*, 47 N. Y. Supp. 61; *Witherspoon v. Brokaw*, 85 Mo. App. 169; *Con-*

rad v. Long, 33 Mich. 78; Hawke v. Euyart, 30 Neb. 149, 27 Am. St. Rep. 391; O'Brien v. Barkley, 28 N. Y. Supp. 1049.

The first case cited above was decided by Justice Clayton at the January term, 1850, in Mississippi. The trust condition for the benefit of slaves, falling under the inhibition of the law, was defeated, but the son, Ludovick Weathersby, was invested with the absolute title to the slaves.

In the case of Cruger v. Phelps, supra, the action involved a contested provision in the will, which provided that the daughter, whose husband resided in New York, forfeited her right to the income of the residuary estate in case she traveled or resided outside the continent of Europe during her husband's life or until she was divorced from him. This provision was held void as against public policy and good morals.

In the case of Witherspoon v. Brokaw, supra, Mrs. Brokaw provided that one-half of her property should go to the daughter of her niece "so long as she shall be kept from the control and custody of her said father, and no longer." This provision was held to be void.

In Conrad v. Long, supra, the will of A. S. Conrad provided that one-half his property should pass to his sister upon condition that "she should conclude not to live with her present husband, Henry Long, as his wife," and such provision was held void as against public policy.

In O'Brien v. Barkley, supra, Robert Shaw made a generous bequest to his daughter, Eleanor Elizabeth, upon the express condition "that she do not, at any time after my decease, associate, cohabit, or live with one James O'Brien." The court held the provision void as against public policy.

In the Nebraska case of Hawke v. Euyart, supra, this court held that a certain devise, conditional upon the reformation of a wayward son, would be upheld. But another devise in the same will was held void. It appears from the record that this son had married a Mrs. Sadie Gladstone upon September 16, 1884, which fact was doubtless known to the testator at the time he added a codicil

and republished his will upon July 29, 1885, and this court held that in such a case a provision in the will that the funds should not be transferred until said son "has permanently freed himself from all influence, connections, associations, cohabitations and relations of every name, character, and description of and with a certain notorious and disreputable woman known by the name of Mrs. Sadie Gladstone, and with all relatives, friends and intimates of that woman," was a condition against public policy. It should be evident that the case at bar presents no such facts as *Hawke v. Euyart*, for the provisions herein are usual and, ordinary, and carry out a valid purpose of the testator.

It is contended by the appellant that paragraph 4 interferes with the marital relation existing between Scena M. Christensen and her husband, and is void as against public policy, and that the trust sought to be established is so indefinite and uncertain as to powers and duties that it is impossible for a trustee to carry out the trust; yet we have examined with care the authorities cited, and have not found any one of them to hold to the doctrine that is contended for in this case. We do find that in the case entitled *Matter of Seaman*, 218 N. Y. 77, Ann. Cas. 1918B, 1138, it is held that, while conditions in restraint of marriage are void, yet a provision preventing the vesting of an estate absolute if she marries a certain individual, or, in any event, until his death, will not be held invalid as tending to excite her to cause his death, but will be held to be a valid restriction.

The appellees contend that similar provisions have been sustained by many courts, citing *Thayer v. Spear,* 58 Vt. 327; *Snorgrass v. Thomas*, 166 Mo. App. 603; *Daboll v. Moon*, 88 Conn. 387, Ann. Cas. 1917B, 164; *Shick v. Whitcomb*, 68 Neb. 784.

The bill of exceptions is very short, and it may be said that there is scarcely any question of fact that is in dispute in the case. The will provided that his property

should be divided between his children in equal shares, the same as though he had died intestate, and provides for a trustee retaining three of these shares until certain events take place.

This court fails to see wherein the provision objected to is void as against public policy, and is satisfied that the trustee, under the provisions for such reports of his acts and doings as the county judge may direct, can carefully handle and manage the property until these contingencies arise. The judgment of the district court in each of the above cases is hereby

AFFIRMED.