ADAH C. P. LETSON HOOD, Appellant, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, and CHARLES H. A. UETRECHT, Trustees Under the Will of GRACE E. LETSON SCULLY; GRACE A. S. EVERS, NAOMI RUTH LETSON RALSTON; CHARLES W. LETSON, CHARLES H. A. UETRECHT, Guardian of GRACE M. LETSON UETRECHT, BENJAMIN F. LETSON, GEORGE MARTIN LETSON, BENJAMIN F. HOOD, EVELYN HOOD, AUDREY HOOD, CHARLES HOOD, LEONARD HOOD and FERN HOOD.—66 S. W. (2d) 837.

Division Two, December 20, 1933.

*G. H. Suelthaus* and *Stout & Spencer* for appellant.

*George Barnett* for respondents.

WESTHUES, C.—This suit involves a construction of the last will and testament of Grace E. L. Scully, deceased. Appellant contended in her petition that a certain clause of the will was void as against public policy; that this provision was made by the testatrix for the purpose of inducing appellant to secure a divorce from her husband. The trial court found against appellant and held the disputed clause of the will to be valid. Appellant appealed.

The provisions of the will containing the clause under consideration read as follows:

"Fourth: I give, devise and bequeath unto Charles H. A. Uetrecht, as trustee of my granddaughter, Adah C. P. Letson Hood, the frame dwelling known as 3451 Abner Place, situated in the City of St. Louis and State of Missouri, and the lot of ground on which the same is situated, having a front of twenty-five (25) feet by a depth of about one hundred and twenty-five (125) feet; the said Charles H. A. Uetrecht, as trustee, to Have and to Hold and deal with the same in trust, however, for the following purposes, to-wit:

"(a) The said trustee shall rent the property, and pay from the rents collected therefrom, the taxes and repairs of maintaining said property in proper and tenantable condition during the whole time that this trust shall continue.

"(b) In the event that the said Adah C. P. Letson Hood or her children should become in destitute circumstances, and said trustee should consider it absolutely necessary, he shall, in his best judgment, expend from time to time such portions as he may deem best of the said net income from said property in the support and maintenance of the said Adah C. P. Letson Hood or her children; but, in no event shall he ever expend it in any manner whatsoever by which her husband, Chas. J. Hood, shall be benefited thereby, and such portion of said net income as shall not be expended as aforesaid, shall be made part of the principal of said trust fund.

"(c) Upon the said Adah C. P. Letson Hood becoming a widow, either by death of her husband or her divorce from him, then the said trustee shall convey and deliver to the said Adah C. P. Letson Hood, the property hereby devised by this the Fourth Paragraph of this my will, and the said trust shall thereupon cease.

"(d) In the event that the said Adah C. P. Letson Hood should not become a widow or divorced as aforesaid before her death, then upon her death, and upon the youngest of said children reaching the age of twenty-one years, said trustee shall convey and deliver unto the children of said Adah C. P. Letson Hood, said property bequeathed by this the Fourth paragraph of this my last will and testament, share and share alike, and thereupon this said trust created by this the fourth paragraph of my will shall cease and be at an end.

"(e) In the event that said trustee, Charles H. A. Uetrecht should deem it best to sell and dispose of said property devised by this the Fourth paragraph of my last will and testament, then he shall have the right to sell and dispose of the same, upon such terms as he may consider best, and re-invest the same in real estate in the City of St. Louis in such manner as he may deem best.

"(f) I hereby grant unto the said Charles H. A. Uetrecht, trustee, full authority and power to execute any and all deeds or papers which may be necessary or proper for carrying into effect the provisions of this the Fourth paragraph of my last will and testament."

By the fifth clause of the will property was given to a trustee for the benefit of a granddaughter of testatrix, named Naomi Ruth Letson, a minor. The property was to be deeded to the granddaughter upon marriage or when she should reach the age of twenty-one years. A further provision was made wherein appellant in this case was mentioned. It reads:

"(c) In the event that my said granddaughter, Naomi Ruth Letson, should die before she marries or reaches the age of twenty-one years, then the property covered by this the Fifth paragraph

of my will shall be conveyed and delivered by my said trustees to my granddaughter, Grace M. Letson Uetrecht, and Adah C. P. Letson Hood and unto their heirs and assigns and the trust created by this the Fifth paragraph of my will shall thereupon cease.

"It is my express wish and I hereby direct that in the event that my granddaughter, Adah C. P. Letson Hood, should receive anything under this the Fifth paragraph of my last will and testament that she shall receive and enjoy the same only in pursuance of the provisions of paragraph 'Fourth' of my last will and testament."

Appellant was likewise referred to in two other clauses of the will that upon certain contingencies she was to receive an interest in certain property. Each of these contain a provision that the interest, if any, appellant should receive should be subject to clause four of the will.

Appellant testified she was married to Charles Hood in the year 1914, and had lived with her husband continuously since. Six children were born to the union. Appellant further testified that after the marriage she and her husband lived with her grandmother, the testatrix, for two months. Appellant then offered to prove testatrix became very hostile towards her husband and attempted to cause appellant to separate from him; that testatrix forced appellant's husband from testatrix's home and forbade him to ever again enter her home. This offer of proof the trial court rejected. The language of the will is not ambiguous. The trial court was, therefore, correct in rejecting the oral testimony attempting to explain the intention of testatrix or the meaning of the terms of the will. [40 Cyc. 1427 (3); McCoy v. Bradbury, 290 Mo. 650, 235 S. W. 1047.] The sole contention of appellant was and is that the condition in the will, providing when appellant should become a widow either by death or her divorce from her husband the property would go to her in fee, was void because against public policy, and, therefore, appellant should be declared the owner in fee of the property, freed from the condition.

The law is well settled that a bequest to a person on condition that the person obtain a divorce is void as against public policy. The rule is well stated in 40 Cyc. 1703, 1704:

"The law will not sanction any testamentary provision which is intended or directly tends to bring about a separation of husband and wife; and if therefore the testator's purpose is to induce a future separation or divorce of husband and wife, the condition is void as against public policy, and the devise or legacy takes effect absolutely. But a devise or bequest may be so framed as to provide for one in case of a separation or divorce. If a testator makes a provision which is not intended to bring about a separation or divorce between husband and wife, but is intended to take effect in the case of a legal separation or divorce, the provision is valid."

It is also well settled law that "where the language of a

will or of a part thereof is reasonably susceptible of two constructions, one of which will invalidate it and the other sustain it, the latter construction, if consistent with the testator's intentions and the rules of law, must be adopted." [40 Cyc. 1407.] This rule is supported by many decisions of courts from various states including our own. [Cox v. Jones, 229 Mo. 53, 129 S. W. 1. c. 497 (2, c); Trautz v. Lemp, 329 Mo. 580, 46 S. W. (2d) 1. c. 139, syl. 5; In re Lachenmeyer's Estate, 258 N. Y. Supp. 641; In re Jaycox Will (N. Y.), 233 App. Div. 67; Tramell v. Tramell, 32 S. W. (2d) 1025, 162 Tenn. 1. c. 14.] A testator is also presumed to know the law. [Trautz v. Lemp, supra.] Testatrix in this case, therefore, knew that the condition would be illegal in a devise or bequest to appellant on condition that she divorce her husband. Testatrix is also presumed to have known that she could legally make a provision for appellant in case she became a widow either by death or divorce.

The question in this case, therefore, resolves itself into this, can the will be so construed that the testatrix only intended to provide for appellant in case of a divorce from her husband and did not intend to bring about a separation? We think so. In the case of Witherspoon v. Brokaw, 85 Mo. App. 169, 1. c. 172, cited by appellant, a provision in a will was held void. It read as follows:

"I will and devise to my niece, Emma Witherspoon, the undivided half of all property . . . to have and to hold to her sole use and benefit so long as she may live separate and apart from her husband, Herbert Witherspoon, and no longer, and upon her reunion with him to vest, free of this devise in my son Charles O. Brokaw."

The court held the condition void because it was made for the purpose of continuing the separation of devisee and her husband. The court in its opinion, however, ruled that a devise could be legally made to a person for the purpose of support in case of divorce. Note what the court said:

"If a separation had already taken place, or was in contemplation of being presently carried out, between Emma and her husband, and the will merely provided for her support or gave her property absolutely to sustain her so long as she should thus be deprived of the support of her husband it would be a valid will. The object being not to bring about the misfortune, but to provide for one who is in such an unfortunate condition. [Fox v. Davis, 113 Mass. 255; Walker v. Walker, 9 Wall. 743; Greenhood's Public Policy, 483-485.]"

If we read carefully the provisions of the will in the case now before us the testatrix has provided for appellant in case of necessity. Note that the trustee is given authority to pay to appellant the income from the property if in the trustee's judgment he should consider it necessary for the support of appellant and her children. Nothing is said of divorce or widowhood in this clause of the will. Testatrix had the right to assume that the husband of

appellant would provide for his family. Even if the hostility of testatrix toward appellant's husband existed that would not alter the situation. Testatrix had the legal right to exclude him from receiving any benefits from her estate and to provide that the property should go to the sole use of appellant and her children. Let us also note that the will does not say the property should be conveyed to appellant on condition she obtain a divorce, but that the trustee shall convey the property to appellant upon her becoming a widow, either by death of the husband or her divorce from him. Suppose testatrix had provided that the property be deeded to appellant upon her becoming a widow and had omitted the clause "either by death of her husband or her divorce from him" the effect of the will would have been the same. Could it then be argued the provision of the will would be void because it might perhaps be a temptation to an unscrupulous person to either divorce or murder her husband? This very situation was discussed in the case of Cowley v. Twombly, 173 Mass. 393, l. c. 397, where the court said:

"The scheme of the trust no more tended to induce the son improperly to procure a divorce between himself and wife then to induce him to procure her death. . . . That a devisee of a contingent remainder will benefit by the death of the life tenant does not make such a devise void as against public policy. . . . There is no more likelihood or presumption that a divorce will be wrongfully brought about by one of the parties to a marriage in order to secure property, than that a death will be so occasioned. A testator no more offends public policy by simply making his bounty contingent upon the occurrence of a divorce than of a death." [See, also, Coe v. Hill, 201 Mass. l. c. 22.]

We must not overlook the fact that, under the terms of the will, if the contingencies as to widowhood of appellant should not occur then the children of appellant will eventually become the owners in fee of the property. So that in any event appellant and her children will receive the full benefit of and become the owners of the property involved. The learned trial court in a written memorandum held the proper interpretation of the will was, that testatrix had made provision for appellant and her children in case of widowhood and that the disputed clause so interpreted was not against public policy. We fully agree with the reasoning of the trial court.

It follows that the judgment must be and is hereby affirmed. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.