LOUIS R. PAINTER, a Minor, by FERNALD E. PAINTER, His Father and His Guardian and Curator, and Guardian *Ad Litem*, Appellant, v. ANITA HERSCHBERGER and WALTER R. MAYNE, Trustee.

WALTER R. MAYNE, Trustee for JAMES WILSON, a Minor, v. ANITA R. HERSCHBERGER, Guardian of the Estate of JAMES WILSON, and Administratrix of the Estate of JAMES WILSON, a Minor, Defendant, FERNALD PAINTER, Guardian of the Person and Estate of LOUIS R. PAINTER, a Minor; LOUIS R. PAINTER, a Minor, Appellants, ARTHUR W. PREWITT and JULIA W. PAINTER, Defendants.—100 S. W. (2d) 532.

Division One, January 5, 1937.

*Lee W. Grant* for Louis R. Painter.

*Donnell & McDonald* for Anita Herschberger.

BRADLEY, C.—These causes were separately filed below, but were by agreement tried together, and were separately appealed, and on stipulation, were consolidated here. Both involve the construction of the seventh clause of the will of Lillian M. Wilson, who died July 29, 1930. The will was executed April 30, 1930, and a codicil July 16, 1930, but the codicil in no way affected the seventh·clause. The title to a one-third undivided interest in three lots in the city of St. Louis, and some personal property, depends upon the construction of the will. Cause No. 34301 is to quiet title, and No. 34287 is for the construction of the seventh clause of the will as to controverted interest in the real estate involved, and also some personal property in the hands of trustee Mayne, plaintiff in cause No. 34287. The trial court so construed the seventh clause of the will as to vest the title to the real estate involved, in Anita Herschberger, a defendant in both cases, and also to vest the personal property in her (though Mayne, trustee) as the administratrix of the estate of her deceased son, James

350

Wilson. Louis R. Painter, the great grandson of testatrix, appealed in both cases.

The seventh clause of the will is as follows: "All the rest, residue and remainder of my estate, real, personal or mixed, whatsoever the same may be and wheresoever the same may be situated, I hereby give, devise and bequeath, in trust, to the Mercantile Commerce Bank & Trust Company and to Olga Jane Stephens, for the following purposes, to-wit:

"To manage and control said property and to sell same or any part thereof and reinvest the proceeds thereof, whenever such sale or reinvestment may appear to be to the best interests of the trust estate herein created, and to pay over quarterly, if convenient, the net income arising from said trust estate unto my grandchildren, Arthur L. Prewitt, Jr., and Julia W. Painter, of Minneapolis, Minnesota, the children of A. L. Prewitt and my daughter Julia, now Mrs. Boeckman, and to my grandchild, James Wilson, son of my deceased son, Louis E. Wilson, they to share and share alike. If any of said grandchildren die leaving no children or descendants of children, then such share of a deceased grandchild shall be divided among the survivors or their heirs, with the exception that in the event of the death of James Wilson leaving no issue, then his share is to go to Louis R. Painter, my great grandchild, said Louis R. Painter being the child of my grandchild, Julia W. Painter. At this writing some of the grandchildren are minors. Should they not have reached their majority at the time of my death, I direct that the said Mercantile Commerce Bank & Trust Co., and Olga Jane Stephens be appointed guardians of their estate. Upon attaining the age of twenty-one years, each grandchild shall receive from my trustees and they shall pay over, at least one-third (⅓) of the principal of this trust and the remainder of the trust fund, if any, as soon as same can be ascertained."

We might say here that trustee Mayne was duly appointed successor trustee by the Circuit Court of St. Louis, succeeding the trustees named in the seventh clause. The contest is between Louis R. Painter and Anita Herschberger. Louis R. Painter is a minor and the great grandson of the testatrix. James Wilson, grandson of testatrix and named in the seventh clause of the will, died, without issue, at the age of fourteen, on November 11, 1933, *subsequent* to the death of testatrix, who, as stated, died July 29, 1930. Anita Herschberger is the mother and sole heir of her deceased son, James Wilson, and administratrix of his estate. Arthur L. Prewitt, Jr., and Julia W. Painter, named in the seventh clause, were of age at the time of the death of testatrix and both disclaimed any interest in the property involved.

It will be noted that the seventh clause provides: "If any of said

grandchildren (Arthur L. Prewitt, Jr., Julia W. Painter and James Wilson) *die leaving no children* or descendants of children, then such share of a deceased grandchild shall be divided among the survivors or their heirs, with the exception that in the event of the *death of James Wilson leaving no issue,* then his share is to go to Louis R. Painter, my great grandchild. . . ." (Italics ours.) The contest wages on the italicized portion of the seventh clause. James Wilson having died without issue, it is contended on the one hand that his one-third interest, whether he died (if without issue)' prior or subsequent to the death of testatrix, passed, under the seventh clause, to the great grandson, Louis R. Painter, while on the other hand, it is contended that James Wilson having died without issue and *subsequent* to the death of the testatrix, his one-third interest *vested* in him upon the *death* of the testatrix, and that upon the death of James Wilson thereafter and without issue, his one-third interest in the real estate involved passed by descent to Anita Herschberger, his mother and his sole heir, and that his one-third interest in the personal property passed (through trustee Mayne) to Anita Herschberger, administratrix of the estate of James Wilson.

Error is assigned on the construction given the seventh clause by the trial court and on the exclusion of evidence.

█ The end sought to be attained in the construction of a will is the true intent of the testator, and this intent is to be determined, absent ambiguity, by viewing the will from its four corners. [Blumer v. Gillespie et al., 338 Mo. 1113, 93 S. W. (2d) 939; Burrier v. Jones, 338 Mo. 679, 92 S. W. (2d) 885.] Authorities to this effect are numerous. There is no claim that any other portions of the will at bar throw any light on, or aid in the construction of that part of the seventh clause in question. The minor, Louis R. Painter, is, as stated, plaintiff in one of the causes here and defendant in the other, but for convenience, we shall refer to him as plaintiff.

█ James Wilson, under the seventh clause, was a *primary* beneficiary, and the concrete question here is: Did the testatrix by using the above italicized words, "died leaving no children," and "in the event of the death of James Wilson leaving no issue," mean the *death* without issue of James Wilson at *any* time? Or did she mean his death without issue *prior* to her own death? If the testatrix meant the former, then plaintiff should prevail in this cause, and if the latter, the judgments of the trial court should be affirmed.

Owens et al. v. Men and Millions Movement et al., 296 Mo. 110, 246 S. W. 172, involved a question quite like the one here. The seventh and tenth paragraphs of the will in the Owens case were: "Seventh. I give, devise and bequeath all the residue and remainder of my property that I may die seized, after the payment of the aforesaid bequests, to my daughter, Nellie May Owens, and to my son-in-law,

William B. Owens, to be owned and held by them jointly, to have and to hold unto them and their heirs and assigns forever. . . .

"Tenth. It is my will in case my said daughter and son-in-law and granddaughter should all die without leaving any issue, then in such event all of my said property, real and personal, shall be divided into four equal parts, and one part shall go to each of the following— that is to say: (1) One part to the Men and Millions Movement; (2) one part to the Christian Orphans' Home of St. Louis, Missouri; (3) one part to the State Missionary Board to the use of the counties now comprising the Seventh District of the Disciples of Christ, of Northwest Missouri; and (4) one part to National Benevolent Association of the Christian Church, present address, 2955 North Euclid Avenue, St. Louis, Missouri."

It was held in the Owens case that the *primary* beneficiaries in the seventh paragraph, became *vested* with a fee interest upon the death of the testator, and that the language "die without leaving any issue" in the tenth paragraph meant a death *prior* to the death of the testator, and not at *any* time. The great weight of authority supports the rule that "when real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate in fee simple. [Owens et al. v. Men and Millions Movement et al., 296 Mo. 110, 246 S. W. 172, l. c. 174, and cases there cited; Palmer et al. v. French et al., 326 Mo. 710, 32 S. W. (2d) 591, l. c. 594, and cases there cited; Stevenson v. Stearns et al., 325 Mo. 646, 29 S. W. (2d) 116, l. c. 118; Ewart et al. v. Dalby et, al., 319 Mo. 108, 5 S. W. (2d) 428, l. c. 431; Laird et al. v. Lust et al. (Mo.), 98 S. W. (2d) 768.]

Suppose testatrix, in the present case, had in the seventh clause said: "If any of said grandchildren (the three primary devisees in the seventh clause) die leaving no children or descendants of children, then such share of a deceased grandchild shall be divided among the survivors or their heirs." If such had been the case, could it be doubted that, under the cases above cited, that the *time* of death referred to was *prior* to the death of the testatrix? We do not think there would be room for doubt. Then, did the addition of the *exception* as to James Wilson *change* the meaning of the *time* of death referred to? We are quite certain it did not. The only effect that the exception could have, if the above cases are to be followed, was to *change* the beneficiary to whom the interest of James Wilson would go in the event of his death, without issue, *prior* to the death of testatrix.

It is contended in the brief for the minor, Louis R. Painter,

that, since the trustees had the power to sell, no estate or interest *vested* in any one except the trustees. We cannot agree with this contention. "A vested interest is one in which there is a present fixed right, either of present enjoyment or of future enjoyment. Where, under the terms of the gift, there is an ascertained person in existence who could take the remainder in possession immediately upon the determination of the particular estate whenever and however it may determine, the estate is vested." [2 Page on Wills (2 Ed.), sec. 1108. See, also, 69 C. J. 590; Tindall v. Tindall, 167 Mo. 218, l. c. 225, 66 S. W. 1092; Trautz v. Lemp, 329 Mo. 580, 46 S. W. (2d) 135, l. c. 142.] And the fact that the trustees under the seventh clause had the power to sell did not prevent the *vesting* in James Wilson upon the death of the testatrix. [Deacon v. St. Louis Union Trust Co., 271 Mo. 669, 197 S. W. 261, l. c. 265; Melvin v. Hoffman, 290 Mo. 464, 235 S. W. 107, l. c. 116.]

▪ Plaintiff, Louis R. Painter, sought to introduce extrinsic evidence, but was refused. He sought to prove by the attorney who drafted the will that under the instructions by testatrix to him, the words in the seventh clause, "in the event of the death of James, leaving no issue," meant the death of James Wilson *after* the death of testatrix, and that at no time did testatrix say anything to indicate that, in referring to the possible death of any of the grandchildren mentioned in the seventh clause, she meant such death as happening before her death. Also, plaintiff, Louis R. Painter, sought to prove by Julia W. Boeckman, a daughter of testatrix, that prior to the re-execution (the execution of the codicil) of the will on July 16, 1930, testatrix "had two bad spells, accompanied with shortness of breath;" that testatrix "knew she was very sick, but she did not want to die right away." All this, on objection, was excluded. It was also sought to introduce other evidence, but we do not deem it necessary to set it out. Proper offering was made, but the offered evidence was excluded.

We do not think that there was any place in this case for extrinsic evidence. Under the rule of construction which controlled in Owens v. Men and Millions Movement, and the other cases cited, supra, and all to the same effect, there is no ambiguity in the seventh clause, hence there was no room for extrinsic evidence. [Burrier v. Jones, 338 Mo. 679, 92 S. W. (2d) 885; In re Shelton's Estate, 338 Mo. 1000, 93 S. W. (2d) 684; Hood v. St. Louis Union Trust Co., 334 Mo. 404, 66 S. W. (2d) 837.]

It is our conclusion that the judgment of the trial court in each of the present cases was correct, and that these judgments should be affirmed. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.