KATHRYN RYAN v. CHARLES M. RYAN, Trustee, and Individually, AUGUSTA RYAN GOEBEL, GEORGE RYAN, ALICE RYAN, NANCY RYAN CABLE and SUSAN S. RYAN, Appellants.—No. 38764.—182 S. W. (2d) 301.

Division One, September 5, 1944.

*H. A. & C. R. Hamilton* and *Arthur Kreisman* for appellants.

*George C. Mackay* and *James R. Anderson* for respondent.

GANTT, J.—Action for a declaratory judgment construing the will of Nancy A. Ryan, who died September 21, 1928. She had seven children. They were living and of legal age at the time of her death. At said time her son, Matthew J. Ryan, was single and unmarried. Thereafter he married. On December 31, 1934, he died without children. He willed to his wife, Kathryn Ryan, the plaintiff, all of his property. She makes claim under her husband's will to a one-seventh interest in the real estate willed by Nancy A. Ryan to her seven children. The other children of Nancy A. Ryan are the defendants. The trial court ruled that the plaintiff, from the time of her husband's death and under his will, had an equitable estate in the real estate devised by Nancy A. Ryan to her seven children, subject to the provisions of the trust created by Nancy A. Ryan in her will. Defendants appealed. The third section of Nancy A. Ryan's will disposed of her real estate. We divide the section into sub-sections. It follows:

(a) "All my real estate I give and devise to the trustee hereinafter nominated and appointed, and to his successor or successors, to have and to hold the same, in trust, upon the terms and conditions, and for the uses and purposes, and with the powers and duties following, that is to say: Said trustee shall hold, control and manage said real estate, and every part thereof, and shall collect the income and profit therefrom, with full power and authority in said trustee, at any time, to lease, rent, mortgage, encumber by deed of trust or otherwise, option, sell, convey, or otherwise dispose of, for cash, or for cash and notes secured by deed of trust upon the property sold, all or any portion of said real estate, in such manner and upon such terms

and conditions as the trustee, in his discretion deem best and most beneficial. The trustee shall also have power and authority to hold any notes secured by deed of trust taken in payment of real estate sold until maturity and payment of said notes before being required to make distribution of same as hereinafter provided, as well as power and authority, at the time of any distribution, to withhold sufficient, in his discretion, of the cash on hand for the proper care, preservation and protection of the trust property. After paying the expenses incurred in the management of said real estate, including general and special taxes, insurance, alterations, improvements, repairs, assessments or charges of any kind levied against any or all of said real estate or the improvements thereon, commissions on rent collections or sales, together with reasonable fees to the trustee for his services, I direct said trustee to pay over, in convenient installments and at convenient times, but at least annually, the net income and profit derived from said real estate, together with the net proceeds of any sale, or sales, of said real estate, in equal shares, to my children, namely, Augusta Ryan Goebel, George Ryan, Alice Ryan, Matthew J. Ryan, Nancy Ryan Cable, Charles M. Ryan and Susan S. Ryan.

(b) "The trust herein created shall continue until all the real estate herein devised shall be sold and the income of said real estate and the proceeds of any sale, or sales, shall have been distributed, but not to exceed the term of fifteen (15) years next after the taking effect of this will.

(c) "At any termination of said trust the trustees shall make a full and final distribution of any money in his hands, in the manner and to the persons herein directed, and upon making said final distribution the trustee shall be fully discharged from all the duties herein conferred upon said trustee and his authority as trustee shall cease and terminate. If there be any of said real estate not disposed of at the end of said term of fifteen (15) years, I give and devise said undisposed of real estate, in equal shares, fully discharged of said trust, to my children hereinbefore named.

(d) "If my son Charles M. Ryan be deceased at the time this will takes effect, then the share of any distribution to be paid to him and the share of real estate unsold that would vest in him upon termination of the trust, shall be paid to, and vest in, his wife, Rose M. Ryan, if she be living at the times of distribution or vesting, as herein provided; and if said Rose M. Ryan be not living at the times of distribution or vesting, as herein provided, then the share of my said son shall be paid to, and vest in, his heirs.

(e) "If any of said other children be deceased at the time this will takes effect, then the share of any distribution to be paid to said child and the share of real estate unsold that would vest in said child upon termination of the trust, as herein provided, shall be paid to, and vest in, his or her heirs.

(f) "During the term of said trust I direct that none of said real estate nor the income derived therefrom, nor the proceeds of any sale, or sales, of said real estate shall be liable for the debts present or future, of any beneficiary of said trust, nor shall the same, during the term of said trust, be subject to attachment, garnishment, execution or seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity;

(g) "and I also direct that during the term of said trust no beneficiary of the trust herein created shall have any power, right or authority to sell, convey, assign, transfer, pledge, encumber, or in any other manner to anticipate or dispose of, any interest in said real estate, or in the income produced thereby, or in the proceeds of any sale, or sales, of said real estate.

(h) "Payment by the trustee at the time of any distribution herein provided for shall be made to the beneficiaries of said trust only upon his or her personal receipt therefor, which receipt shall be to said trustee a full acquittance and discharge for any payment provided for herein."

The fifteen year period for the maximum duration of the trust expired on September 21, 1943. The trustee sold no real estate during the existence of the trust.

Defendants contend that "the provisions in the spend-thrift clause and the restraints on alienation by the beneficiaries prevented any estate vesting in the beneficiaries until the payments were received by them or at the end of the fifteen year term of the trust", at which time the estate vested in the children as a class.

They admit that the words "at the time this will takes effect", as used in sub-sections (d) and (e), interfere with the above stated contention. They argue that by the use of the words "any distribution" in said sub-section, the testatrix meant separate distribution and for that reason the estate did not vest "at the time this will takes effect" but vested from time to time as each distributive share was paid to the beneficiary. The words "any distribution", as used, mean distributions of either net income or corpus.

They also argue that the requirement in sub-section (h) of the personal receipt of a beneficiary on the payment of a distributive share shows that the testatrix intended to give the real estate only to her children or grandchildren. If, under her husband's will, the plaintiff is the owner of a one-seventh interest in the estate, her receipt would be the personal receipt of a beneficiary. In this connection it may be stated that the words "anticipate or dispose of any interest in said real estate", as used in sub-section (g), prohibits an anticipation or disposition of an interest which would interfere with the administration of the trust.

In effect the defendants contend that the words "at the time this will takes effect" should be ignored. We are without authority to

do so. It is clear that under sub-sections (d) and (e), the interest of the children in the real estate vested on the death of the mother. She so understood said sub-sections and prohibited the sale, etc., of the interest of a beneficiary in the real estate pending a determination of the trust. Furthermore, and as stated by the plaintiff, "there is no provision as to what should happen to any one child's interest on his death before distribution. In other words, there is no limitation over clause. There is no expression in the will creating specifically a joint tenancy or requiring the doctrine of survivorship to be applied. On the contrary, the expression 'share and share alike', plus the naming of the individuals who are to take, shows distinctly that the testatrix intended to leave an estate in common and that she intended to give each child his own estate, subject, however, to postponement of enjoyment for a maximum of fifteen years."

Furthermore, sub-section (c) provides for a termination of the trust. The testatrix therein gave to the children the legal title to the undisposed real estate at the end of the fifteen year period, which title the trustee held during the administration of the trust.

The sole purpose of the trust was to prevent a hasty or forced sale of the real estate. On the death of the mother, the seven children had an equitable estate in equal shares and as tenants in common, subject to the administration of the trust. The determination of the trust vested full enjoyment and fee simple title in the beneficiaries.

The judgment is affirmed. All concur.