**GAMBLE et al. v. UNITED STATES.**
No. 8891.

United States District Court
E. D. Missouri, E. D.

Sept. 18, 1953.

Charles C. Allen, III, St. Louis, for plaintiffs.

George L. Robertson, U. S. Atty., and James C. Jones, III, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiffs, beneficiaries under the will of Flora Gamble, sue for a refund of income taxes for 1946, on theory that real estate left by Flora Gamble in trust, and sold in 1946 at a loss (based on value of the property determined as of testatrix's death) is their loss as beneficiaries of the trust, and not a loss of the trust estate. Right of plaintiffs to recover depends on whether title to the real estate was vested in the beneficiaries by the trust provisions of the will of Flora Gamble, or the trustees. If the former, on sale of the property in 1946 the loss was that of the beneficiaries of the trust and they are entitled to the refund sued for; if the latter, the loss was that of the trust estate and plaintiffs cannot recover.

The case was presented on an agreed statement of facts. Flora Gamble died testate in 1929. The trust provisions of her will are as follows:

"I hereby give, .devise and bequeath to my sons Clarence O. Gamble, W. Guy Gamble and Allan P. Gamble, or their successor or successors in trust, that certain lot or parcel of ground, together with improvements thereon, and appurtenances thereunto appertaining, described as follows, to wit:"

(Legal description follows. This was an office building located at 7th and Chestnut Streets in the City of St. Louis, Missouri.)

The purpose of the trust:

"In trust, however, for the following purposes, to wit; in order that said property may be economically managed as a whole, and when conditions justify, may be disposed of by sale or lease or improved with new building, without the delay incidental to obtaining the consent of minors and widely scattered heirs and without having the interest of some heirs jeopardized by the necessities of others which might force a partition and sale of said property at a disadvantageous time; but that the said property may be sold, managed or leased to the greatest advantage of all my heirs * * *."

The powers of the trustees:

" * * * (1) sell and convey any or all of said property for cash or on such terms as said trustees may determine, including the taking of other real estate in full or partial payment, such real estate so taken to be held by said trustees subject to all the terms and conditions of said Trust as fully as though originally

included in this trust, (2) to mortgage or encumber any or all of said property, (3) to improve said property with new building or buildings, (4) to make alterations of or additions to the old buildings, (5) to lease any or all of said property for such a period of time as said trustees shall deem best, not to exceed ninety nine (99) years in duration or (6) may convey any or all of said property to a corporation or corporations to be organized for the purpose of holding title to said property and may receive stock in said corporation or corporations in full payment of the value of said property as said value may be determined by said trustees, or (7) generally, to do such other things as the proper or economical management of the property may in the judgment of said trustees seem right and proper."

The trust was limited to twenty years. At its termination, the corpus of the trust, whether real estate, stock in a corporation, or cash, was to be divided among the beneficiaries, as designated and in the proportion specified in the will. The will recites that advancements were made by the testator to certain beneficiaries. These advancements were to be deducted from distribution of the personalty. If the personalty was insufficient then the balance due the estate was to be deducted from such beneficiary's shares in the trust distribution. Whether such obligations were deducted in full from personalty in the estate does not appear from the agreed facts.

The sole asset of the trust estate was the building. Until March 16, 1946 the building had been rented. It was then sold under the trust powers contained in the will. The sale price represented a loss of $148,521.30, as against the value fixed at time of testatrix's death. Each of the plaintiffs after computation of other taxes for years 1946, not involved in this suit, sue for refund on their proportion of the loss represented by their part of the corpus of the trust.

## I.

A valid trust was created by the will of Flora Gamble. Neither party questions this conclusion. There is no claim the trustees named in the will did not have all the powers enumerated in the will to "sell," "convey," "exchange," "mortgage," "encumber," "lease," "convey * * * to a corporation," and "receive stock * * * in full payment." The will gave the trustees power to convey the legal title to the land composing the corpus of the trust. The conveyance in the will to the trustee was in usual form—"I hereby give, devise and bequeath to my sons * * * in trust." The trust was for an indefinite term, depending on the action of the trustees. The trust continued for twenty years only if the trustees took no action to convert the real estate or did not lease it for a period longer than the 20-year term of the trust. In case of a sale of the realty for cash or personalty the trust terminated. In case of formation of a corporation to hold the realty the trust terminated. In case of a lease for a period longer than the remaining term of the trust the trust terminated and the income from the lease was to be divided among the beneficiaries free of the trust.

The intention of the testatrix is clear. The purpose of the trust was to dispose of the land to the best interest of all beneficiaries. The trust was created only for that purpose. It was not created for the purpose of furnishing income for the education of children, or unmarried or widowed daughters. The trust was not geared to the needs of the beneficiaries. Indeed, one of the express purposes of the trust was to avoid a disadvantageous partition of the land which might be forced by some heir's necessities. There is nothing in the instrument to indicate an intention on the part of testatrix to vest a fee simple title in remainder in her beneficiaries.

The general rule is that trustees take that title which is necessary to carry out the terms of the trust. Having given her trustees power to sell and for

other purposes to transfer title, and to incumber it, the trustees were required to have the legal fee title to execute the powers given. Broader powers could hardly have been given. The trust is a simple one, created in plain terms with nothing to suggest an intent on the testatrix's part to vest legal fee title to the land in the beneficiaries prior to termination of the trust. As set out above, the corpus of the trust or land is vested in the trustees in the usual terms; the only division to plaintiffs and other beneficiaries authorized is of the corpus of the trust estate, of a kind and character to be determined as of time of termination of the trust.

The taxable entity in this case, for the 1946 loss, was the trust estate. It suffered the loss. Plaintiffs were willed a division in kind of the corpus of the trust, as of its termination. On death of the testatrix no beneficiary of the trust estate could tell if he would receive real estate, and if so what real estate, cash, stock or income from a lease, as his legacy. Neither could it be determined when the distribution of the corpus of the trust would take place. Real estate was subject to leasing by the trustees for 99 years. The property was sold. Cash was distributed. The plaintiffs have received their legacy. On it they suffered no taxable loss. See Ryan v. Ryan, 353 Mo. 289, 182 S.W.2d 301, 303. In this case the testatrix left a will which contained a conveyance of land to A for the use of B with power of sale in A, and any land not sold after 15 years, to B in fee. The court held the fee vested in B upon the termination of the trust. The case was an action for declaratory judgment by the heir of one of the beneficiaries of the trust. The court held that the interest of the beneficiary descended to his heir. After deciding this question, the court went on to say:

"Furthermore, sub-section (c) provides for a termination of the trust. The testatrix therein gave to the children the legal title to the undisposed real estate at the *end* of the fifteen-year period, which title the trustee held during the administration of the trust." (Emphasis added.)

The provisions of the trust in this case and in the Ryan case bear a striking resemblance. In each, at the end of the trust period, undisposed real estate went to the beneficiaries.

Plaintiffs rely on the case of Bredell v. Collier (Collier's Will), 40 Mo. 287, as their principal authority. That case held that the interest of the cestui que trust vested to the extent that it descended to his heirs on his death prior to termination of the trust. We find no ruling to support plaintiffs' claim in this case, but any inference that might be gleaned from the *Collier* case that a legal title in the land vested in the beneficiaries on death of the testator is overruled by the *Ryan* case. Vesting of a distributive interest in the corpus of the trust in the beneficiaries, so as to pass to their heirs if any beneficiary die before termination of the trust, with no certainty what such corpus will be at the end of the trust, is not inconsistent with legal fee title to land vesting in the trustees, where such character of title is necessary for the trustees to execute the powers conferred on them by the trust instrument. We construe Painter v. Herschberger, 340 Mo. 347, 100 S.W.2d 532 as a holding in line with the *Collier* case. The case of Arrott v. Heiner, 3 Cir., 92 F.2d 773, is not in point. It held there was no trust created under the will, but a mere agency to collect rents.

Let form of judgment dismissing the complaint be submitted.