WADE *v.* DEMING.

Betting on a horse-race is betting on a game, within the meaning of section 2, 1 R. S. p. 305.

APPEAL from the *Bartholomew* Circuit Court.

STUART, J.—*Deming* sued *Wade* to recover money bet and lost on a horse-race. Trial by the Court, and judgment for 70 dollars. *Wade* appeals.

The recovery is sought under the provisions of section 2, 1 R. S. 305, which enacts that money lost by betting on any game, &c., may, within six months next following, be recovered by suit, &c.

Demurrer to the complaint was overruled, as was also the motion for a new trial; exception taken, and the evidence made part of the record. So the whole case is fairly before us.

It appears that *George Wade* and *George Deming*, the owners of the horses, bet 45 dollars, each, on the race, and placed the money in the hands of one *Smith*, as stakeholder. *William L. Deming*, the appellee, and *James S. Wade*, the appellant, with others on each side, clubbed to-

May Term,
1857.

WADE
v.
DEMING.

gether and bet 155 dollars a side, on the same race, and placed the money in the hands of the same stake-holder. *Wade's* horse won. But owing to some informality in determining the result, *Deming* notified the stake-holder not to pay over the bets. *Smith* did, however, pay over the whole 400 dollars to *James S. Wade,* the appellant. *James* had bet 70 dollars. He paid over the money to the several persons who had clubbed in the bet on *Wade's* horse, retaining his own proportion, 70 dollars.

To recover this money, *Deming* brings the suit. The evidence is very clear and conclusive—*Wade* himself being the principal witness. So there is no dispute about the facts.

The principal point in the case turns on the word "game," as used in the statute. It is insisted that a horse-race is not a game, within the meaning of that act. 1 R. S. *supra.* The idea of a "game of horse-race," is ridiculed, without a just appreciation, perhaps, of the purpose of all such enactments. It seems obvious that the same vicious principle runs through all bets, whether they be upon a horse-race, or upon cards, or any other undetermined event. It is not the race or the play that the legislature is aiming at, but the betting for money or other valuables. In 3 Stark. 1, ABBOT, C. J., says, games, whether of skill or of chance, are within the *English* statutes; and that it is the playing for money which makes them unlawful. If feats of skill are games within the statute, feats of strength or of speed must be equally games within the same statute. Aside from the awkward phraseology, and regarded on principle only, it is not easy to distinguish a game of horse-race from a game of cards, or a bet on the one from a bet on the other. Both are clearly within the same mischief.

In *Brown* v. *Berkeley,* Cowp. 281, the action was covenant upon articles of agreement to recover 20 pounds bet on a foot-race against time. Demurrer to the declaration sustained, because it was a gaming and illegal contract. The Court, on error, refer to a case in which it was held that a horse-race against time was an illegal game; and

they say they cannot easily distinguish the foot-race from the horse-race.

So in *Cheesum v. The State*, 8 Blackf. 332, the objection was directly taken that a horse-race was not a game. In the act then 'in consideration, (s. 42, R. S. 1843, p. 993,) the word "gaming" is used, and the Court held that horse-racing was gaming within the meaning of that act. It is true, that was not the chief point in judgment, but it was one the determination of which was essential to the main question. In this light, and supported as it is by the authorities there referred to, it cannot be regarded as less than an adjudication to be followed.

We are, therefore, of opinion that the betting on the race in the case at bar, was a game within the meaning of the second section, 1 R. S. p. 305, and the action well brought.

*Per Curiam.*—The judgment is affirmed, with 15 per cent. damages and costs.

*W. Herod* and *S. Stansifer*, for the appellant (1).

*W. F. Pidgeon*, for the appellee.

(1) Counsel for the appellant cited *M'Hatton* v. *Bates*, 4 Blackf. 63; *Little* v. *Brannenburgh*, 4 Ind. R. 35.