In the Matter of the Estate of HENRY STERNE, Deceased.

Surrogate's Court, New York County, March 27, 1933.

*Taylor, Blanc, Capron & Marsh,* for the City Bank Farmers Trust Company.

*Stroock & Stroock* [*Sol M. Stroock* and *Robert D. Steefel* of counsel], for the Montefiore Hospital for Chronic Diseases.

*William Blau* and *Louis J. Vorhaus,* for the Hospital for Joint Diseases.

*Cadwalader, Wickersham & Taft* [*R. Keith Kane* and *Richard N. Crockett* of counsel], for the Salvation Army.

*Emanuel van Dernoot,* for the Convalescent Home for Hebrew Children.

*Cardozo & Nathan,* for the Jewish Social Service Association, Inc.

*Limburg, Riegelman, Hirsch & Hess,* for the Hebrew Technical Institute.

*Harry R. Kohn,* for the Home for Hebrew Infants.

FOLEY, S.  In this accounting proceeding a question of construction has arisen with respect to the validity of certain gifts in trust set forth in the third, fourth and eleventh clauses of the will. The question involves the validity of certain conditions annexed to the gifts, and specifically whether such conditions are contrary to public policy.  It is asserted that if such conditions are found to be void by the court, the trust for the benefit of the institutions named is nevertheless effective.

By the third clause of the will a trust of $200,000 was set up for the benefit of Ida Sterne, a sister of the testator, with directions to pay her the income for life.  Income was paid to her up to the time of her death on March 5, 1932.  After the occurrence of that event, the will directed that the corporate trustee named in the will divide the original fund into seven parts and pay over the income to seven designated charitable corporations.  No question has arisen as to the trusts for the benefit of five of these institutions.  The validity of the trust for the remaining two must be determined.  These institutions are the Montefiore Hospital for Chronic Diseases (named in the will as the Montefiore Home and Hospital for Chronic Diseases) and the Hospital for Joint Diseases (named in the will as the Hospital for Deformities and Joint Diseases).

The fourth paragraph contains a distinctive and novel condition attached to the trusts.  In it the testator directs that each of the trusts created after the death of his sister for the respective institutions set forth in the third clause " is created upon the following terms and conditions, namely: That each such institution (in case

it shall be one in which physicians shall practice at any time) shall make a binding rule to the effect that any and all physicians at any time practicing for remuneration in the said respective institutions shall be required to and shall pay toward the maintenance and support of the said institution a sum of money equal to ten per cent (10%) of the gross fees which shall at any time be received by such physicians respectively for services performed by them in the said institutions. In the event that any one of the said institutions shall refuse to make such a binding rule or after having made such a binding rule shall thereafter abrogate the same or neglect to enforce it, then and in that event the trust so created shall cease to operate and the capital of the trust created for the benefit of such institution shall thereupon be turned over by my said Trustee to the Salvation Army. My said trustee, however, shall be thoroughly protected as regards any payment made to any one of the said seven institutions until such time as it shall have actual knowledge that any one or more of the said seven institutions is not enforcing the rule above set forth, covering the contribution by physicians."

It will be seen that the hospitals are compelled under the terms of the will to establish a rule that all physicians practicing in the hospital be required to pay to the hospital ten per cent of the gross fees received by the physicians for services performed by them in the hospital. The two institutions contend that this condition imposes upon them a rule of conduct in their charitable activities which is in violation of public policy, and that it compels the division of fees by physicians, commonly known as " fee-splitting," which is prohibited by the canons of ethics of the medical profession. It is also urged that the rule contemplated by the testator is impossible of enforcement and unreasonable and that its application would result in the loss of the services of eminent physicians who would refuse to subscribe to that practice, with consequent impairment of the efficiency of the hospital in its treatment of free patients. It is further argued that if the custom were permitted, excessive charges, as against patients, by physicians in order to meet the additional payment to the hospital, would be exacted.

In my opinion these contentions are correct and the condition sought to be imposed by the testator is contrary to public policy, unreasonable, impossible of performance and void. I hold likewise that the condition may be stricken from the will and that the income may be paid to the two institutions by the trustee free from any condition. (*Matter of Haight*, 51 App. Div. 310.)

It is immaterial whether the division of medical fees occurs

between a physician and a layman, or a physician and a physician in cases prohibited by the canons of ethics, or, as is the situation here, between a physician and a hospital. In the latter case an outside agency participates financially in the compensation of the physician licensed by the State to practice medicine. Inevitably such a method of division would lead to deterioration in the medical staffs of hospitals with attendant injury to the public. It would likewise subject some physicians to the temptation of overcharging their patients in order to meet the requirements of the hospital rule.

It is conceded even by the Salvation Army, the alternative beneficiary, which would take in the event that the disputed gifts were ineffectual, that no reputable hospital in the United States has applied the rule of division of fees or compulsory charity sought to be enforced by the testator in his will.

In the case of one of the hospitals which is a beneficiary here, it has been established that two hundred and eighty physicians and surgeons give their services free for the treatment of indigent patients. At the same time most of them use the facilities of the hospital for treatments of or operations upon patients who can afford to pay. The revenue derived from the renting of the rooms, operating rooms and other facilities enables the institution to support, to a large extent, its charitable activities in the treatment of free patients in dispensaries or in the hospital wards.

It is argued that serious difficulty would arise in the ascertainment, under the terms of the will, of the compensation received by the physician from paying patients for the services rendered in the hospital and those rendered before or after hospital treatment. It is urged that it would be impossible to properly allocate these charges so as to compute the basis upon which the ten per cent is to be determined. Certainly there would be a practical difficulty in this process. Ordinarily the difficulty in enforcing a condition might not be a ground for a determination of invalidity, but where, as here, it is mingled with a requirement that is unreasonable, unethical and in violation of public policy, the court cannot sustain it.

The situation here finds a parallel in an assumed case, where there might be a legacy or trust to a bar association upon condition that any attorney using its library or conference rooms would pay to such bar association a percentage of his compensation derived from his client in whose interest he uses its facilities. That condition in the will would not only be almost impossible of enforcement in the allocation of the actual amount of compensation derived from the time spent in the association, but would involve the unethical and improper division of the attorney's professional

fees. No one would dispute, with any pretense of logic or ethics, the invalidity of such a provision as applied to an attorney. Similarly the attempt of the testator here to fasten a new custom upon the medical profession is equally obnoxious and contrary to the best interests of the community.

The charitable purpose of the testator is obvious and his intention to benefit the hospitals which he selected clear. The difficulty, however, is that he attempted to impose a rule of compulsory charitable contributions upon others. The method which he devised to compel physicians to be charitable is bad and not entitled to legal recognition.

Considerable effort has been displayed in the briefs of counsel to distinguish between a condition precedent and a condition subsequent. This distinction is immaterial. I find it to be both a condition precedent and a condition subsequent, but invalidity exists regardless of the nature of condition. The condition is void whether it be regarded as precedent or subsequent, and the gifts to the institutions are effective, as if the condition had been omitted from the will by the draftsman. (*Matter of Haight*, 51 App. Div. 310, at p. 316; Davids' New York Law of Wills, § 881, p. 1425.)

My determination with respect to the third and fourth clauses of the will necessarily applies to similar gifts arising out of the eleventh — the residuary clause of the will.

Submit decree on notice settling the account and holding that the condition contained in the fourth clause is void, that the trusts for the benefit of the Montefiore Hospital and the Hospital for Joint Diseases are valid and that the income of the respective trusts may be paid by the trustee to each institution free from any condition whatsoever.