S. Samuel Di Falco, S.
This is a proceeding to construe the will. Under paragraph III thereof testator gave his residuary estate in equal shares to four nephews, subject to the provisions of paragraph IV which provides :
“ In the event my nephew James Carson Agnew shall, at the time of my decease, be married to his present wife, Elizabeth *1007 Wurst Agnew, then the share of my estate which, under any provision of this will, * * * would otherwise have gone directly to him (which share is hereinafter called the Trust Estate), I give, devise and bequeath to ” a Minnesota Bank as trustee, to invest in securities permitted by Minnesota statutes for trust funds, and to pay to his said nephew the net income, “ so long as he lives and is married to his present wife, above-named.” “ Upon the death of my said nephew JAMES CARSON AG-NEW, this trust shall continue and the net income shall be paid for the equal benefit of his surviving issue; and, as such issue, respectively, attain the age of twenty-five (25) years, the Trustee shall deliver to such issue attaining such age his or her proportionate part of the Trust Estate; PROVIDED, however, that if any such issue shall die prior to attaining the age of twenty-five (25) years, the share of such deceased issue shall be administered for the equal benefit of the surviving issue of said JAMES CARSON AGNEW. If such issue shall die prior to attaining said age, without leaving brother or sister surviving such deceased issue, the trust shall thereupon terminate and the entire principal of the Trust Estate, with all accumulations thereon, shall be delivered, free from any trust, to my then surviving nephews herein named, in equal shares, the issue of any deceased nephew to take the share.of his deceased parent, by right of representation. In the event the said wife of JAMES CARSON AG-NEW shall predecease him, or if the now existing marriage relationship between my said nephew and his said wife shall be dissolved, then this trust shall immediately terminate and the entire principal of the Trust Estate, with all accumulations thereon, shall immediately be delivered, discharged from this trust, to my said nephew JAMES CARSON AG-NEW.”
He finally provided that the trust should in no event continue for a period longer than the life of all the beneficiaries named, now living, and the survivor, and 21 years after the death of such survivor.
The testator was a resident of New York, but apparently executed his will in Minnesota. All four nephews survived him and all have issue. At testator’s death his nephew James Carson Agnew was and still is married to his wife, Elizabeth Wurst Agnew, above named. They have one child who was living at the death of the testator.
The petitioning executor seeks a determination (a) as to the validity of the trust aforesaid in view of the provisions as to the marital relationship; (b) as to its validity under the Rule against Perpetuities; (c) if invalid under (a) whether it goes to the beneficiary absolutely, or passes by intestacy; (d) if invalid *1008 under (b) as to its disposition; (e) if valid whether the executor should deliver the corpus to the named trustee or to what trustee, and what shall be the fiduciary’s investment powers? There is also the preliminary question as to whether the law of New York or Minnesota should apply.
The petitioner urges (1) that the law of New York applies in the determination of the nature and extent of the bequest under the will to testator’s nephew, James Carson Agnew; (2) that the condition attached to the gift, namely, that the share passing to this nephew be held in trust so long as he is married to his present wife, and in the event the marriage relationship is dissolved that the trust terminate and the principal be immediately paid over to him, is invalid as against public policy; and (3) that in any event the trust is invalid because it violates the Statute against Perpetuities. The nephew makes the same contention and further urges that he is entitled to one fourth of the residuary estate outright, as if no condition were annexed to the gift or as if the void condition had been complied with. The special guardian on behalf of infant remaindermen, submits that the court should declare inoperative the condition for the termination of the trust based upon dissolution of the marital status, should uphold the trust as far as possible in all other respects, and should apply the law of Minnesota as to the duration and administration of the trust.
At the outset the court holds that since testator died a resident of this State the law of New York governs the determination of the validity of the bequest. (Bishop v. Bishop, 257 N. Y. 40, 50; Cross v. United States Trust Co., 131 N. Y. 330; Matter of Samuels, 205 Misc. 368; Matter of Grant-Suttie, 205 Mise. 640.) It is the settled policy of this State that a testamentary provision in restraint of marriage or which attempts to procure its dissolution in any way is invalid. (Matter of Liberman, 279 N. Y. 458; Matter of Onora, 205 Misc. 531; Matter of Blind, 138 N. Y. S. 2d 210; Matter of Haight, 51 App, Div. 310; Wright v. Mayer, 47 App. Div. 604.) The rule is as stated in Matter of Haight, (supra, p. 313) as follows: “It is a general principle, well settled * * * that conditions annexed to a gift, the tendency of which is to induce the husband and wife to live separate, or to be divorced, are, upon grounds of public policy and-public morals, void.”
In the present will, after bequeathing one quarter of his residuary estate outright to his nephew James Carson Agnew, testator attempted to qualify the gift by limiting it to a beneficial trust interest so long as he was married to his present wife, but providing that in the event that the marriage relationship *1009 between them, be dissolved, the trust was to terminate and the entire principal delivered to his said nephew James Carson Agnew.
It matters not that testator had what appeared to him to be a laudable intention, as is indicated in paragraph V where he stated that he had no lack of affection for his nephew’s wife, but doubted her prudence regarding money matters. It may well be that the nephew would never divorce his wife; nevertheless, the vice of the condition is that it tends to and might operate on the recipient’s mind to influence the procurement of a divorce by him in order to obtain his bequest outright. The court holds, under the above authorities, that the condition that the trust terminate upon dissolution of the marriage is absolutely void as against public policy, and the provision for the creation of the trust is therefore ineffective.
The question is then presented as to the effect of the invalidation of the condition.
The special guardian urges that the void condition should merely be declared inoperative and that the trust be allowed to stand. However, the authorities are clearly contrary to such contention. The beneficiary takes the gift as if there had been no condition annexed thereto or as if he had complied therewith. (Matter of Liberman, supra; Matter of Onora, supra; Matter of Blind, supra; Matter of Sterne, 147 Misc. 59; Scott on Trusts [2d ed.] 1, pp. 581-583; Davids on New York Law of Wills, § 881.) In Matter of Liberman (279 N. Y. 458, 469, supra) the Court of Appeals stated: “ To give the rule less force; to declare the condition void without at the same time giving effect to the gift made upon the void condition, would be a mockery of the beneficiary and by indirection would permit a testator to accomplish a result which we hold contrary to the ‘ common weal ’. ’ ’
In Scott on Trusts it is stated (p. 582): “ Insofar as there is any inference either way, we believe that the inference is that the settlor would have intended that the gift should be absolute rather than that it should fail altogether; that the gift is absolute unless it appears from all the circumstances that the settlor would probably have desired that if the condition should be illegal the gift should fail altogether. In a number of American cases it has been held that the gift fails. In other cases, however, including the more recent cases, it has been held that the gift is absolute.” (Referring to Matter of Liberman, supra.)
In Davids on New York Law of Wills the author states (p. 1425): ‘1 Anciently it seems to have been a matter of dispute as to whether an unlawful condition should have the effect of *1010 invalidating the gift, or whether the disposition ought Jo be effectual and the condition ignored. So far as current notions are concerned, however, it is settled that conditions which are contrary to law or public policy are ineffectual, and do not affect the dispositions attempted to be qualified thereby. The provisions of the will take effect as though the condition had been omitted by the draftsman. And this is held to be true of conditions precedent as well as conditions subsequent.” (Citing Matter of Haight, supra.)
At any rate, in the instant case, having eliminated the condition in paragraph IV as invalid and void, we must revert to paragraph III where the gift was to James Carson Agnew absolutely.
The court holds that the trust under paragraph IV of the will is invalid and void as against public policy and that the gift to him under paragraph III vests in him absolutely as if the condition did not exist or as if he had complied therewith.
In view of this ruling the remaining questions have become academic.
Submit decree on notice construing the will accordingly. .