SYLVIA FLORA v. KENNETH L. FLORA.

[No. 1-575A93. Filed November 24, 1975. Rehearing denied January 6, 1976. Transfer denied June 17, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*John C. Cox,* of Evansville, *Thomas H. Herrell,* of Evansville, for appellee.

ROBERTSON, C.J.—The wife brings this appeal from the trial court's decree granting the husband's petition for dissolution of marriage. The issues raised are:

1. The trial court's decision was not sustained by sufficient evidence;
2. The Dissolution of Marriage Act is unconstitutional because it impairs the right to contract;
3. There was error in the admission into evidence of an ante-nuptial agreement between the parties; and
4. The trial court should have awarded attorney's fees to the wife for this appeal.

We find no error and, accordingly, affirm the trial court's decision in all respects.

Briefly, the facts show the parties were married on May 26, 1974. Prior to the marriage they executed an ante-nuptial agreement in which they agreed that property held individually prior to the marriage and property acquired individually during the course of the marriage would not be subject to the claims of the other spouse in the event of death or dissolution of the marriage. The parties separated on September 6, 1974, and the husband filed a petition for dissolution of the marriage on the grounds of irretrievable breakdown. There were no children born to the marriage, but the husband had a child by a former marriage whom the wife had adopted on August 8, 1974.

The court found that the marriage had irretrievably broken down and ordered dissolution. The court granted custody of the child to the husband and ordered that each party take that property which they possessed prior to the marriage. The court further ordered that the wife have title to the automobile, assuming the indebtedness thereon, and granted her alimony in the amount of $3,269.65 The husband was declared the owner of the parties' real estate in Evansville and was assessed with the costs of the action.

The wife first contends that the trial court's judgment granting a dissolution of the marriage is not supported by sufficient evidence in that the only evidence tending to show an irretrievable breakdown was the husband's subjective testimony. The wife asserts that this court should require some objective evidence of an irretrievable breakdown or the proceedings for dissolution will amount to a simple unilateral matter of one spouse saying, "I want out," with dissolution then automatically granted.

The Indiana Dissolution of Marriage Act, IC 1971, 31-1-11.5-1 et seq. (Burns Code Ed., Supp. 1975) expressly abolished the previously existing grounds for divorce which required a finding of fault on the part of one of the spouses.[1] The act provides that a dissolution of marriage shall be decreed only upon one of the following "no-fault" grounds: (1) irretrievable breakdown of the marriage, (2) conviction of either party, subsequent to the marriage, of an infamous crime, (3) impotency, existing at the time of the marriage, (4) incurable insanity for a period of at least two years. IC 1971, 31-1-11.5-3(a) (Burns Code Ed., Supp. 1975).

---

1. The former grounds for divorce were: adultery, impotency existing at the time of marriage, abandonment for two years, cruel and inhumane treatment of either party by the other, habitual drunkenness of either party, the husband's failure to make reasonable provision for his family for a period of two years, the conviction, subsequent to the marriage, in any country of either party of an infamous crime, and incurable insanity for a period of at least five years prior to the action for divorce. IC 1971, 31-1-12-3.

The act does not define the term "irretrievable breakdown" nor does it indicate the form of proof which must be presented to satisfy that statutory ground. This failure to establish definitive standards appears to evidence an intent on the part of the legislature that rigid guidelines should not control the dissolution process but that consideration should be given to each case individually. Consistent with this legislative intent, this court shall not establish a predetermined policy to circumscribe the trial court's consideration of these cases. As aptly stated by the Florida Court of Appeals in *Riley* v. *Riley:*

> "The Legislature has not seen fit to promulgate guidelines as to what constitutes an 'irretrievably broken' marriage. It is suggested that this lack of definitive direction was deliberate and is desirable in an area as volatile as a proceeding for termination of the marital status. Consideration should be given to each case individually and predetermined policy should not be circumscribed by the appellate courts of this State." (1972), 271 So.2d 181, 183.

The key portion of the act for purposes of this issue is IC 1971, 31-1-11.5-8(a) (Burns Code Ed., Supp. 1975), which reads as follows:

> "Final hearings—Continuance.— (a) In an action pursuant to section 3(a) [subsection (a) of 31-1-11.5-3], a final hearing shall be conducted no earlier than sixty [60] days after the filing of the petition. Upon the final hearing: the court shall hear evidence and, if it finds that the material allegations of the petition are true, either enter a dissolution decree as provided in section 9(a) [subsection (a) of 31-1-11.5-9] or if the court finds that there is a reasonable possibility of reconciliation, the court may continue the matter and may order the parties to seek reconciliation through any available counseling. At any time forty-five [45] days after the date of the continuance either party may move for the dissolution decree as provided in section 9(a). If no motion for dissolution is filed, the matter shall be, automatically and without further action by the court, dismissed after the expiration of ninety [90] days from the date of continuance."

This section provides that the court shall hold a final hearing in which the court shall hear evidence and decide whether the allegations of the petition are true.

The legislative intent of the section is clear: the act does not provide for dissolution by consent, nor does the mere filing of the petition entitle a party to dissolution. It is the court, not the parties, which must decide whether dissolution should be granted. Moreover, the court does not perform a ministerial duty of merely approving a properly filed petition, but must make a judicial decision based upon evidence presented at the final hearing. It is the evidence produced at the hearing which must entitle a party to relief, not the filing of the petition.[2]

In every case in which irretrievable breakdown is alleged, the key issue for the court's determination is whether there exists a reasonable possibility of reconciliation and the marriage as a whole must be considered. From the evidence presented at the hearing, the court must be satisfied that the parties can no longer live together because of difficulties so substantial that no reasonable efforts could reconcile them. If the court believes there is a reasonable possibility of reconciliation, the court may continue the matter and order the parties to seek available counseling. IC 1971, 31-1-11.5-8(a) (Burns Code Ed., Supp. 1975).

The statute does not specify what forms of evidence must be presented at the hearing to establish an irretrievable breakdown. The wife contends that there must be some objective evidence to sustain a court's finding of irretrievable breakdown and that subjective evidence standing alone is not

2. Or, as New Hampshire's Justice Grimes laconically observes: "The question whether a breakdown of a marriage is [irretrievable] is a question to be determined by the trial court. It is determined by a subjective test and not by any predetermined criteria. The court must consider the state of mind of the parties toward the relationship in order to make the determination" (Citation omitted). *Woodruff* v. *Woodruff* (1974), 320 A.2d 661 at 663.

sufficient. In other words, the petitioner must adduce evidence of observable acts and occurrences in the marriage relationship, not merely his personal opinions or state of mind.

However, it is the marriage relationship as a whole which is at issue, not the specific acts or conduct of the parties. All of the surrounding facts must be inquired into to determine if the marriage should be dissolved.

Certainly, it is not our function as an appellate court to enumerate specific facts which must be shown to establish an irretrievable breakdown. As stated by the Florida Court of Appeals:

"We are hesitant to set forth specific circumstances which trial courts could utilize as permissible indices of an irretrievable breakdown of the marital status. Were we to attempt to do so, we feel that the basic purpose of the new dissolution of marriage law would be frustrated. Such proceedings would either again become primarily adversary in nature or persons would again fit themselves into tailormade categories or circumstances to fit judicially defined breakdown situations. It is our opinion that these two problems are the very ones which the Legislature intended to eliminate." *Riley* v. *Riley* (1972), 271 So.2d 181, 183.

Since it is the marriage as a whole which is at issue, any evidence which bears upon the viability of the marriage is admissible, whether it be classified as objective or subjective. As stated above the crucial issue is whether a reasonable possibility of reconciliation exists. The subjective state of mind of the parties toward their relationship as well as any observable acts or occurrences would be relevant upon this issue.

After presentation of all the evidence in the present case, the trial court found that the marriage was in fact irretrievably broken and granted dissolution. This court upon appeal may not substitute its judgment for that of the trial court, but reviews the record only to de-

termine whether the judgment was supported by substantial evidence of probative value.

A review of the evidence in the light most favorable to the appellee-husband, discloses that the husband testified that the facts alleged in his petition were true and that there was no possibility of reconciliation. He further testified that he and his wife had argued to excess on several occasions.

The wife testified that her husband's attitude toward her had cooled since their marriage and that he had grown extremely demanding of her. She related that several severe arguments had taken place over the short duration of the marriage including one which resulted in physical assault of which she stated, "Not only did he hit me, he choked me and just was—you know, just generally beat me." The wife had moved out after one of these arguments.

The evidence was sufficient to allow the trial court to conclude that the marriage was irretrievably broken. The judgment granting dissolution was supported by sufficient evidence.

The wife next maintains that the Indiana Dissolution of Marriage Act, IC 1971, 31-1-11.5-3 (Burns Code Ed., Supp. 1975) is an impairment of the obligation of contracts as proscribed by U.S. CONST. art. 1, § 10 and IND. CONST. art. 1, § 24.

Traditionally, both federal and state courts have viewed the marriage relationship as something other than a constitutionally protected contract.

Perhaps the most complete treatment of the issue presented is in *Noel* v. *Ewing* (1857), 9 Ind. 36 in which the Indiana Supreme Court stated:

". . . [A]s between husband and wife, there is no constitutional provision protecting the marriage itself . . . from

legislative control, by general law, upon such terms as public policy may dictate. The sovereign power may, by general enactment, regulate and mold their relative rights at pleasure." 9 Ind. 36 at 48.

Unquestionably, the Dissolution of Marriage Act fits comfortably within the parameters delineated in *Noel, supra.*

State courts are empowered to interpret the United States Constitution where there is no inconsistent controlling federal law. Therefore, the *Noel* decision is dispositive of the alleged violations of both the United States Constitution and the Constitution of Indiana.

The wife further contends that it was error for the trial court to admit into evidence the ante-nuptial agreement over her objection.

The first reason for objection is the claim that ante-nuptial agreements are against public policy. The Indiana Dissolution of Marriage Act, IC 1971, 31-1-11.5-10 (Burns Code Ed., Supp. 1975) is clearly contra. Settlement agreements (without differentiating ante-nuptial and post-nuptial agreements) are expressly encouraged.

The second reason for objection is the claim that the husband waived the provisions of the ante-nupital agreement when in his petition he asked the trial court to make an order for the disposition of the parties' property.

Because the trial court, as provided by IC 1971, 31-1-11.5-10(b) (Burns Code Ed., Supp. 1975), has the discretion to make provisions for the disposition of property notwithstanding an agreement by the parties, this request in the petition asked neither more nor less than the trial court was empowered to provide. We find no waiver of the agreement provision by the husband.

The last reason for objection is the claim that the agreement should not have been admitted into evidence without a

showing by the husband that the agreement was entered into understandingly and without fraud, mistake, or duress.

To presume that a settlement agreement is not freely and understandingly made, as the trial court was asked to do, would effectively negative the intent of the Indiana Dissolution of Marriage Act to encourage such agreements.

The better practice is to presume the validity of settlement agreements. The burden of persuasion as to factors militating against the presumption of validity should be borne by the objecting party.

In weighing the evidence presented by the objecting party, the trial court may exercise its discretion to accept a settlement agreement as valid, valid in part, or reject it as invalid. However, even if a settlement agreement is accepted as valid, the trial court is not required to approve it or use any part of it in the decree.

The trial court here did not approve the agreement and incorporate and merge the agreement into the decree as it might have done by the terms of IC 1971, 31-1-11.5-10(b) (Burns Code Ed., Supp. 1975).

No error is found in the trial court's admission of the antenuptial agreement into evidence.

The wife finally argues there was error in the trial court's denial of a petitioned award of appellate attorney's fee.

IC 1971, 31-1-11.5-16, (Burns Code Ed., Supp. 1975) provides that the court *may* award attorney's fees. It is to be noted that the statute wording does not take the imperative form.

It is generally recognized that a trial court has discretion to award attorney's fees and other expenses incurred in the appellate process. *Bahre* v. *Bahre* (1965), 140 Ind. App. 246, 211 N.E.2d 627; *Sims* v. *Sims* (1958), 128 Ind. App. 408, 146

N.E.2d 111. Logic dictates that discretion to award attorney's fees implicitly contains discretion *not* to award attorney's fees.

The appellate courts of Indiana have not been wont to interfere with the discretion of a trial court award of attorney's fees unless there is a clear showing of abuse of that discretion. No such showing has been presented in this appeal.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 337 N.E.2d 846.

## ON PETITION FOR REHEARING

ROBERTSON, C.J.—The wife's petition for rehearing suggests that we failed to dispose of an issue in the foregoing opinion. The substance of that issue is directed to the fate of the traditional divorce defenses of condonation, collusion, recrimination, and laches in light of the failure of the legislature to repeal those defenses.

Based upon a presumption that this issue was properly preserved in the trial court we find that these defenses are no longer applicable for the reason that their existence is founded, in varying degrees, on a fault finding system of divorce. They are not compatible, at least in the traditional role of barring termination of the marital relationship, with the spirit of the Dissolution of Marriage Act.

These defenses are of judicial origin. Although the legislature could have decreed the inapplicability of these defenses it is not absolutely necessary that they do so.

The petition for rehearing is denied in all other respects.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 337 N.E.2d 852.