OPINION OF THE COURT
John D. Bennett, J.
This is a petition by the coexecutors of the estate of John D. Collura for a construction of his will.
Article sixth of the instrument in question provides in part: "In the event my son, John, survives me, and is not married to his present wife, Joan, I give, devise and bequeath to my son, John, the residue and remainder of my estate, and if he shall not survive me, his share shall go to my granddaughter, Patricia.” At the time of the testator’s death, John Collura was still married to Joan.
It is well settled that a condition attached to a gift, the tendency of which is to induce a husband and wife to become divorced is void as against public policy (Wright v Mayer, 47 App Div 604; Matter of Dunbar, 189 Misc 687).
The provision in question makes the death of John’s spouse or the dissolution of their marriage a condition precedent to the gift. However, since the condition requires a dissolution of the marriage as of the date of the testator’s death, this provision, standing alone, cannot be construed as an inducement to divorce since the divorce would have to be an accomplished fact. This is so even if the son was aware prior to the testator’s death of the condition set forth in the will (Matter of Jacobs, 112 NYS2d 281).
Article sixth further provides: "In the event my son, John, survives me, and is still married to his present wife, Joan, I give, devise and bequeath the residue of my estate to my trustees * * * to pay over to my son, John, all of the net income from the trust, semi-annually, until he shall die, becomes divorced from his present wife, Joan, or until his wife, Joan, dies, whichever first occurs. * * * In the event my son, John, divorces his present wife, Joan, or she shall die, then I direct my trustees to pay over the sum of Two Thousand Five Hundred Dollars ($2,500.00) to my granddaughter, *1106 Patricia, and the balance of the trust, both principal and accumulated interest, shall be paid over absolutely to my son, John.”
Where a testator attempts to qualify a gift by limiting it to a beneficial interest for the beneficiary’s lifetime, until such time as the beneficiary is no longer married, the condition is void (Matter of Agnew, 11 Misc 2d 1006; Matter of Onora, 205 Misc 531) whether it expressly requires that the beneficiary procure a divorce or entitles him to the gift in the "event” such a divorce is procured (Matter of Haight, 51 App Div 310). In such a case, the beneficiary takes the gift as if there had been no condition annexed to it or as if he had complied with the condition (Matter of Liberman, 279 NY 458; Matter of Agnew, supra).
The guardian ad litem for Patricia Collura contends that since a provision which conditions a gift upon the death of a spouse or the dissolution of a marriage is void and the condition is therefore deemed to have been satisfied, the infant is entitled to $2,500 pursuant to article fifth which provides: "In the event my son, John Collura, predeceases me, or survives me, and is not married to his present wife, Joan, I give and bequeath the sum of Two Thousand Five Hundred Dollars ($2,500.00) to my granddaughter, Patricia.”
This provision is similar to the provision in article sixth which conditions a gift to John on his marital status at the time of the testator’s death. As already noted, such a provision is not contrary to public policy since it refers to a past act.
There is a further reason, however, why the provision in question is not invalid. It is the likely effect of the provisions of a will on the person to be influenced rather than the personal purpose of the testator which will determine whether a provision is void (Matter of Rothchild, 271 App Div 582, affd without opn 298 NY 538). Although the payment to Patricia is conditioned in the alternative on the dissolution of John’s marriage, it is inconceivable that the gift to Patricia could be construed as an inducement to John to divorce his wife.
 Independent of the rest of the will, the provisions in article fifth which make Patricia a contingent beneficiary are not invalid. Nevertheless, any benefit under article fifth was conditioned on the son’s prior death or dissolution of his marriage, neither of which in fact occurred. The only other mention of Patricia occurs in the trust where she takes $2,500 in the event the son either divorces his wife or she should die, *1107 either of such events terminating the trust. Since as mentioned above where the condition annexed to the gift is void, it is treated as if there was no condition or as if it had been complied with (Matter of Liberman, supra). In other words, the gift is valid; it is only the condition that is illegal or void (5 Page, Wills [Bowe-Parker Rev], § 44.9). Accordingly, excising the invalid condition in effect terminates the trust and accelerates the remainder, $2,500 of which is payable to Patricia and the balance to the son, and the will is so construed.