**Ermal S.F. BOREN, Appellant (Respondent Below),**

v.

**E. Raye BOREN, Appellee (Petitioner Below).**

No. 4–882A241.

Court of Appeals of Indiana, Fourth District.

Aug. 22, 1983.

Rehearing Denied Oct. 4, 1983.

David B. Hughes, Hughes & Hughes, Indianapolis, James G. McDonald, Princeton, for appellant.

Glenn A. Grampp, James D. Lopp, Sr., James D. Lopp, Jr., Lopp, Lopp & Grampp, Evansville, for appellee.

YOUNG, Judge.

Ermal S.F. Boren (Husband) appeals from a decree of dissolution of his marriage to E. Raye Boren (Wife). The following issues are raised in this appeal:

1. Whether the trial judge erred in modifying the antenuptial agreement entered into by Husband and Wife;

2. Whether the trial judge erred in awarding attorneys' fees to Wife's counsel and fees for appraisal of marital property; and

3. Whether the trial judge abused his discretion in awarding periodic payments instead of a lump sum to Wife.[1]

We affirm.

Husband, a resident of Gibson County, met and proposed to Wife, a resident of Florida, in August of 1969. Wife liquidated her assets in Florida, resigned her employment, and moved to Gibson County. She arrived with approximately $40,000 and a few items of household furniture. Some time before his proposal of marriage, Husband contacted his lawyer about the preparation of an antenuptial agreement. He discussed such an agreement with Wife at the time of his proposal. Wife did not agree to such an agreement then and thought she could later convince Husband that it was unnecessary. After Wife arrived in Indiana, however, Husband would not agree to get blood tests, apply for a marriage license, or set a wedding date until Wife signed the antenuptial agreement. On September 18, 1969, Wife finally agreed, and they executed the agreement. The precatory language of the agreement recites their impending marriage; the fact that each owns real and personal property, not specifically described; that Husband has a daughter by a previous marriage; and that they desire by the agreement to "prescribe, limit, and determine the interest and

---

1. The issues have been consolidated and re-      stated for clarity.

control which each ... may have in the estate of the other during the marriage ... or should the same be determined [2] [sic] by death or legal proceedings." The body of the agreement provided that each would retain his or her separate property existing at the time of the marriage or thereafter. In the event of the death of Wife, Husband agreed to make no claim against her estate. Should Husband die, Wife agreed to limit her claim against his estate to $5,000, apparently an arbitrarily selected figure.

The trial judge found the estate of the parties to be worth $3,306,061.24 at the time of the dissolution. Wife brought about $40,000 into the marriage. The remainder of the assets were brought into the marriage by Husband, inherited during the marriage by Husband, or earned during the marriage. The trial court found Wife performed tasks on Husband's farm, acted as a housewife, and helped to care for Husband's stepmother. The trial judge modified [3] the antenuptial agreement to apply only to the assets held by the parties at the time of its execution. He held the agreement was invalid as to all of the assets acquired during the marriage. The judge awarded Wife $5,000 as stipulated in the agreement plus $183,500 as her share of the assets acquired during the marriage. Additionally, the trial court ordered Husband to pay $12,000 attorneys' fees and $4,500 for the cost of an appraisal of marital property.

■ On appeal, Husband first challenges the trial court's failure to apply the antenuptial agreement so as to limit Wife's share of the marital estate to $5,000 plus the property she brought into the marriage. Husband argues the antenuptial agreement is binding on the trial judge. We disagree. In *Tomlinson v. Tomlinson*, (1976) 170 Ind. App. 331, 352 N.E.2d 785, Judge Sullivan stated:

[S]uch an agreement is not binding upon the court. Since circumstances existent at the time of divorce may be substantially different than those which ex-

isted at the time of the agreement, a valid agreement is but one factor to be considered among the several factors upon which the court customarily relies to make an equitable distribution of property.

*Id.* at 340, 352 N.E.2d 791 (footnote omitted); *accord Flora v. Flora,* (1975) 166 Ind. App. 620, 337 N.E.2d 846; *see also* Ind.Code 31–1–11.5–10(b). Private agreements such as this cannot usurp the power of the trial judge to determine what is just and reasonable in the division and distribution of the marital estate. *See* Ind.Code 31–1–11.5–10(b) and 31–1–11.5–11(b).

■ In *Stockton v. Stockton,* (1982) Ind. App., 435 N.E.2d 586, this court held the action of the trial court in accepting, rejecting, or modifying a post-nuptial property settlement agreement should be reviewed only to determine whether the court abused its discretion. We believe the same standard should apply to the trial court's acceptance, rejection, or modification of an antenuptial agreement. The trial court did not abuse its discretion in modifying the antenuptial agreement. Wife received only about five percent of the marital estate. Had the trial judge followed the agreement, Wife would have received only about one percent of the marital estate. Such a result after twelve years of marriage in which Wife acted as housekeeper, helped with tasks on the farm, and took care of Husband's stepmother would have been grossly unfair. Furthermore, Wife's only income is social security benefits of less than $300 per month, while Husband earned over $100,000 per year in 1979 and 1980. The trial court's modification of the antenuptial agreement was not an abuse of discretion.

■ Husband also contends the trial judge erred in awarding attorneys' fees and fees for appraisal of marital property. His first argument is that the antenuptial agreement precluded the award of fees. First, as we noted above, the trial court had

**2.** We assume the word "terminated" was intended.

**3.** In one place, the trial judge indicated he was construing the agreement. An examination of the decree, however, clearly indicates the judge was modifying the agreement, not construing it.

the discretion to modify or reject the antenuptial agreement. Second, the agreement is silent as to the payment of attorneys' fees. The agreement did not prohibit the trial judge from awarding attorneys' fees. Husband also argues there was not sufficient evidence to support the court's award of attorneys' fees. There was evidence of the number of hours spent on the matter by the attorneys and of a reasonable rate for their time. This is sufficient evidence to support the award of attorneys' fees. *See U.S. Aircraft Financing, Inc. v. Jankovich,* (1980) Ind.App., 407 N.E.2d 287.

Finally, Wife contends the trial court erred in allowing Husband to pay the judgment to her in installment payments. This practice is permitted by Ind.Code 31–1–11.5–11(b). We cannot say the trial court abused its discretion in adopting an installment payment method.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.