**Vernon John MOORE, Appellant–
Respondent,**

v.

**Jean Huntley MOORE, Appellee–
Petitioner.**

No. 46A03–9408–CV–306.

Court of Appeals of Indiana.

Aug. 28, 1995.

Vernon J. Moore, Michigan City, pro se.

William Janes, Dabagia, Donoghue, Thorne, Sweeney, Janes & Pagos, Michigan City, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Vernon John Moore appeals from the dissolution of his marriage to appellee-petitioner Jean Huntley Moore. Vernon and Jean married in 1951. In 1983, Jean moved to the state of Missouri where she lived with her mother until her mother's death in 1992. On November 25, 1992, Jean filed her petition for dissolution of the marriage; all seven of the parties' children were emancipated at the time. After a hearing, the trial court issued a final decree on May 4, 1994, which dissolved the marital bonds of the parties and divided their property and assets.

Vernon does not appeal the trial court's distribution of the marital property; rather, he argues insufficient evidence existed to dissolve the marriage on the grounds of irretrievable breakdown. Specifically, he contends that the sole purpose of Jean's petition for dissolution was to recover assets from a parental trust which provided that Jean divorce Vernon or that he die prior to the ultimate distribution of the corpus of the trust. Such trust provisions being against public policy and void, Vernon asserts that Jean failed in her burden of proving an irretrievable marital breakdown.

Initially it is noted, Vernon is neither appealing the trial court's distribution of property nor did he contest the trust; therefore, this Court need not decide whether the trust provision was void against public policy. Vernon's reliance on various cases from other jurisdictions, *see Estate of Gerbing* (1975), 61 Ill.2d 503, 337 N.E.2d 29; *Hood v. St. Louis Union Trust Co.* (1933), 334 Mo. 404, 66 S.W.2d 837; *Will of Collura* (1979), 98 Misc.2d 1104, 415 N.Y.S.2d 380; *In re Estate of Heller* (1968), 39 Wis.2d 318, 159 N.W.2d 82, is not of value, as these cases are appeals from the actual instrument.

The only issue properly before this Court is: whether there is sufficient evidence to support the trial court's judgment granting a dissolution of the marital relationship. On appeal, this Court will not substitute its judgment for that of the trial court, but reviews the record only to determine whether the judgment is supported by substantial evidence of probative value. *Flora v. Flora* (1975), 166 Ind.App. 620, 337 N.E.2d 846, 850, *trans. denied, disapproved on other grounds In re Marriage of Boren* (1985), Ind., 475 N.E.2d 690.

When a petition for dissolution alleges "irretrievable breakdown," the key issue is whether there is a reasonable possibility of reconciliation. *Abney v. Abney* (1978), 176 Ind.App. 22, 30, 374 N.E.2d 264, 269–270, *trans. denied, cert. denied* (1979), 439 U.S. 1069, 99 S.Ct. 836, 59 L.Ed.2d 34. If there is a reasonable possibility, the trial court may continue the matter and order the parties to seek reconciliation through counseling; if not, the marriage is necessarily irretrievably broken and must be dissolved. *See id.* at 30–31, 374 N.E.2d at 270; IND.CODE § 31–1–11.5–8(a) (1992 Supp.).

In granting a dissolution on such grounds, the trial court must be satisfied that the parties can no longer live together because of difficulties so substantial that no reasonable effort could reconcile them. *Flora*, 166 Ind.App. at 626, 337 N.E.2d at 850. It is the marital relationship as a whole which is at issue, not the specific acts or conduct of the parties. All surrounding facts must be inquired into to determine if the

marriage should be dissolved. *Id.* Both the subjective state of mind of the parties towards the relationship as well as any observable acts or occurrences are relevant. *Id.*

In the present case, the parties have lived separately since 1983. Jean testified that the marriage was an unhappy one for her and that she had "spent a lot of time in depression." She also stated that when Vernon drank he became verbally abusive and that she felt that she had to get away. At the final hearing, Jean further testified that since she moved to Missouri, the parties have not had much contact with each other and that even if the dissolution of marriage was not granted, she could not live together as husband and wife in the same household with Vernon. This evidence is sufficient to support the trial court's granting of dissolution on the grounds that the marriage was irretrievably broken. Further, Vernon's contention that the doctrine of laches should somehow prohibit the granting of the dissolution, is untenable. The fact that Jean was separated from Vernon for ten years prior to seeking a dissolution of their marriage is not grounds for denial of Jean's motion. The judgment of the trial court is affirmed.

Affirmed.

STATON and BARTEAU, JJ., concur.