## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 24 2015, 10:46 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

John Lane
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Marriage of<br><br>John Lane<br>*Appellant,*<br><br>v.<br><br>Leisa Lane,<br>*Appellee* | July 24, 2015<br><br>Court of Appeals Case No. 49A02-1405-DR-354<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Patrick L. McCarty, Judge<br><br>Cause No. 49D03-1302-DR-7769 |

**Bailey, Judge.**

# Case Summary

In this appeal, John Lane ("John"), proceeding *pro se*, appeals the trial court's order dissolving his marriage to Leisa Lane ("Leisa").[1] We affirm in part, reverse in part, and remand for further proceedings.

# Issues

John presents three issues for our review. We restate these as:

  I.    Whether the trial court erred when it concluded that the marriage had suffered an irretrievable breakdown;

  II.   Whether the trial court abused its discretion in its distribution of the marital pot; and

  III.  Whether the trial court abused its discretion when it denied John's request to obtain discovery from Leisa.

# Facts and Procedural History

John and Leisa were married on January 30, 1998. Prior to this, John had been convicted of Rape, but obtained post-conviction relief at the trial court. Upon appeal of that decision, on April 23, 1998, this Court reinstated John's conviction. *State v. Lane*, 694 N.E.2d 793 (Ind. Ct. App. 1998) (Table), *trans. denied*. Since November 1998, and throughout the instant proceedings, John has been incarcerated in the Indiana Department of Correction.

---

[1] Leisa did not file an appellee's brief.

[4]     Since that date, Leisa purchased property held solely in her name, including an automobile and a residence in Indianapolis. John did not contribute to the acquisition of these assets.

[5]     On February 28, 2013, Leisa filed a petition to dissolve the marriage. An evidentiary hearing was conducted on May 30, 2013. Leisa testified in person, and John, proceeding *pro se*, testified by telephone. On the date of the hearing, Leisa tendered a proposed dissolution decree. The same day, the trial court adopted and entered the proposed order as its decree of dissolution.

[6]     The dissolution decree found that the residence Leisa had acquired was her sole and separate property. The decree also ordered that "Husband and Wife shall have possession and title [to] the vehicle in their possession," and that each would "indemnify and hold the other harmless on the payment of any debt on his or her respective vehicle." App'x at 7. The order divided all other personal property by allocating each item to the party then in possession or with control of it.

[7]     After the trial court entered its dissolution decree, John filed several motions, including motions seeking 1) an order to require marital counseling with the goal of reconciliation (filed June 10, 2013), 2) permission to obtain discovery (filed June 12, 2013), and 3) reopening of the case and judgment on the evidence (filed June 18, 2013). The trial court denied these motions on June 26, 2013.

[8] John subsequently filed a motion for relief from judgment, alleging in a supporting affidavit that he had not received notice or the decree itself, and that as a result he had been deprived of his right to appeal the dissolution decree. The trial court denied John's motion for relief from judgment; John appealed. In an unpublished memorandum decision, this Court concluded that because John did not have notice of the dissolution decree, he was permitted to file a direct appeal of that decree within thirty days of the certification of our decision. *In re the Marriage of Lane*, No. 49A02-1308-DR-698, Slip. op. at 5-6 (Ind. Ct. App. May 1, 2014).

[9] This appeal ensued.

## Discussion and Decision

[10] John appeals the trial court's dissolution decree. In the instant matter, our standards of review are modified somewhat because Leisa did not file an appellee's brief. In such cases, we do not develop an argument on behalf of the appellee. *Montgomery v. Faust*, 910 N.E.2d 234, 237 (Ind. Ct. App. 2009). The appellant—here, John—needs only to demonstrate *prima facie* error, that is, error "at first sight, on first appearance, or on the face of it." *Id.*

[11] We note here that John proceeds *pro se*. We hold *pro se* litigants to the same standards as trained attorneys. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Thus, while a court may take "reasonable steps" to prevent a *pro se*

litigant from being placed at an unfair advantage, there is no inherent lenience afforded "simply by virtue of being self-represented." *Id.*

In this case, John identifies three bases for appeal. We address each in turn.

## Irretrievable Breakdown

On appeal, John contends that there was insufficient evidence of irretrievable breakdown of the marriage. *See* I.C. § 31-15-2-3(1) (providing that a trial court "shall" decree a marriage dissolved when there has been an "irretrievable breakdown of the marriage"). "When a petition for dissolution alleges 'irretrievable breakdown,' the key issue is whether there is a reasonable possibility of reconciliation." *Moore v. Moore*, 654 N.E.2d 904, 905 (Ind. Ct. App. 1995). If such a possibility exists, the trial court may continue the matter and order the parties to seek reconciliation through counseling; otherwise, the trial court must dissolve the marriage. *Id.*

In concluding that there is no reasonable possibility of reconciliation, the trial court "must be satisfied that the parties can no longer live together because of difficulties so substantial that no reasonable effort could reconcile them." *Id.* The inquiry goes to "the marital relationship as a whole." *Id.* All surrounding facts must be inquired into, and both the state of mind of the parties and observable actions are relevant to the trial court's decision. *Id.* at 905-06. On appeal, we review the trial court's decision only to determine whether the judgment is supported by substantial evidence of probative value. *Id.* at 905.

[15] During the hearing, Leisa testified that she and John had separated in November 1998, and that there had been an irretrievable breakdown of the marriage. **Tr. at 2-3.** For his part, John testified specifically that the separation date was November 5, 1998, and stated that "I was re-convicted for a felony, and as a result of that, it's cause for a separation, and that is the proper grounds that I would like to proffer." Tr. at 5-6. John averred in the trial-level motions leading to this appeal that he had not seen Leisa since May 2007. **(Br. at 16.)** Thus, John and Leisa lived apart for nearly fifteen years. Throughout this time, Leisa conducted her life independent from John, eventually purchasing a car and a home.

[16] The long period of separation, taken with the apparent lack of contact between the parties, is sufficient to support the trial court's decision that the marriage had suffered an irretrievable breakdown. Even with our modified standard of review in the absence of an appellee's brief, we find no error in this respect, and affirm the trial court's order to the extent it dissolved the marriage.

## Distribution of Assets

[17] We turn to John's second issue on appeal, whether the trial court abused its discretion when it awarded Leisa sole ownership of the residence and her car.

[18] The division of marital assets is ordinarily reserved to the trial court's sound discretion. *Crider v. Crider*, 26 N.E.3d 1045, 1047 (Ind. Ct. App. 2015). We reverse only for abuse of that discretion, which occurs when the judgment of the trial court is contrary to the logic and effect of the facts and circumstances

before it, or when the court errs on a matter of law. *Krasowski v. Krasowski*, 691 N.E.2d 469, 472 (Ind. Ct. App. 1998). However, as noted above, our standard of review is supplemented here by the *prima facie* error standard that arises from the absence of an appellee's brief from Leisa.

[19] Indiana uses the "one-pot" approach to distribution of marital assets. *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), *trans. denied*. By statute, the court shall divide the property of the parties, whether the property was owned by either spouse before the marriage, was acquired solely by one or the other spouse in his or her own right between the date of the marriage and the final separation date, or was acquired through the joint efforts of the parties. I.C. § 31-15-7-4(a). The final separation date of the parties controls the closing of the marital pot for purposes of its distribution. Our statutes provide that the date of final separation, for purposes of the dissolution of marriage statutes, "means the date of the filing of the petition for dissolution of marriage," unless 1) a previously existing proceeding for legal separation had been initiated before the petition date, or 2) a provisional order or final decree for legal separation was already in effect before the dissolution petition had been filed. I.C. § 31-9-2-46. Thus, "[o]nly property acquired by an individual spouse after the final separation date is excluded from the marital estate." *Thompson*, 811 N.E.2d at 912.

[20] Marital property must be divided in a just and reasonable manner, I.C. § 31-15-7-4(b), and the court shall presume equal division of the marital property is just and reasonable unless one or the other party presents evidence to rebut that

presumption. I.C. § 31-15-7-5. When the presumption has been rebutted so that the trial court deviates from an equal division, the court must state its reasons for the deviation. *Alexander v. Alexander*, 927 N.E.2d 926, 941 (Ind. Ct. App. 2010), *trans. denied*.

[21] Here, the trial court adopted Leisa's proposed dissolution decree. Without specifying any reasons for deviation from the statutory presumption of equal division of the assets, the trial court ordered that Leisa hold the Indianapolis residence as her "sole and separate property." App'x at 7. The court also ordered each party to "have possession and title of the vehicle in their possession" and to hold one another harmless for debts associated with each one's vehicle. App'x at 7. No evidence was presented as to the purchase dates of either the car or the residence, other than Leisa's acknowledgement that she had purchased the house "recently." Tr. at 3.

[22] Without evidence concerning the purchase dates of the vehicle and the home, it appears at first sight that the trial court deviated from the presumption of equal division of assets. But the court did not identify any basis upon which its deviation from the statutory presumption might rest. There was ample evidence from which the trial court could reach such a conclusion, including the date upon which John was incarcerated and Leisa's testimony that the car and home were obtained solely as a result of her efforts and without contribution from John. Yet the court did not state this rationale. Thus, the trial court erred.

Because Leisa has not filed an appellee's brief, our standard of review upon appeal requires that we reverse upon a finding of *prima facie* error. John has established the existence of such an error with respect to the distribution of the marital pot. We accordingly reverse the trial court's order to the extent it calls for an unequal distribution of assets, and remand the case with instructions to enter a marital property distribution order that comports with the established standards specified herein. *See Raval v. Raval*, 556 N.E.2d 960, 962 (Ind. Ct. App. 1990) (remanding where the trial court deviated from the statutory presumption without articulating its reasoning).

# Discovery

Finally, we address John's contention that the trial court abused its discretion when it denied his motion for permission to obtain discovery from Leisa.

Matters related to the conduct of discovery are left to the sound discretion of our trial courts. *Int'l Bus. Machs. Corp. v. ACS Human Servs., LLC*, 999 N.E.2d 880, 885 (Ind. Ct. App. 2013), *trans. denied*. We reverse a trial court's discovery orders only upon an abuse of that discretion. *Id.* "When a party is confronted with surprise evidence, ordinarily the proper response is to move for a continuance." *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1273 (Ind. 2008) (quotations omitted).

John complains that he only learned at the final hearing of Leisa's purchase of a residence and a car, and that he was entitled to seek discovery after the hearing in response to this surprise evidence. There is no indication that John sought

any discovery before the hearing. And John did not seek a continuance, nor did he ask any questions or make any statements during the hearing concerning the existence of such property. In sum, then, John waived any discovery opportunities, and the trial court was within its discretion to deny John's request to seek discovery after the date of the final hearing. We affirm the trial court in this respect.

# Conclusion

[27] There was sufficient evidence to support the portion of trial court's order that ordered the marriage be dissolved. The trial court did not adequately articulate its reasons for deviating from the statutory presumption of equal division of marital assets. The trial court did not abuse its discretion when it denied John's motion seeking leave to seek discovery from Leisa. We therefore affirm the trial court's dissolution decree in part, reverse in part, and remand with instructions to enter an order that complies with our requirements for distribution of marital assets under Indiana statutes and applicable case law.

[28] Affirmed in part, reversed in part, and remanded.

Riley, J., and Barnes, J, concur.